211 So.2d 198 (1968)
In re FLORIDA APPELLATE RULES.
No. 37079.
Supreme Court of Florida.
June 19, 1968.
As Amended August 30, 1968.
As Amended September 20, 1968.
William P. Simmons, Jr., as President, and Henry P. Trawick, Jr., as Chairman, Florida Court Rules Committee.
PER CURIAM.
The Florida Appellate Rules, 1962 Revision, as amended, are hereby amended in the following respects, viz:
Rule 1.3 is amended by adding thereto the following:
"`Civil action' includes all proceedings before courts which, from the subject matter, or the relief sought, are such as formerly were cognizable at law or in equity, and includes all proceedings before commissions or boards acting in a judicial or quasi judicial capacity."
Rule 2.1 g is amended to read as follows:
"g. Advisory Committee on Rules.
There is hereby created an advisory committee on rules consisting of the following persons to be appointed by the chief justice of the Supreme Court to serve for a period of two years; one justice of the Supreme Court, one judge of each district court of appeal, one or more circuit judges, and three members of The Florida Bar. This committee shall conduct a continuous study of all rules of procedure adopted by the Court pursuant to Article V of the Florida Constitution and shall make such recommendations to the Supreme Court concerning the same, and all proposed amendments or additions thereto, as are deemed advisable."
Rule 3.2 b is amended to read as follows:
"b. Time. Appeals from final decisions, orders, judgments or decrees shall be commenced within 30 days from the rendition of the final decision, order, judgment or decree appealed from, unless some shorter period of time for taking an appeal is specifically provided by these rules."
Rule 3.2 f is amended to read as follows:
"Rule 3.2 f. Costs, prepayment of  The mere nonpayment of costs, accruing before the appeal is taken and taxed against the appellant shall not affect his right to an appeal."
Rule 3.11 b is hereby amended by striking all of said rule and inserting in lieu thereof the following:
"b. Joinder in Appeal. If any party who is an appellee desires to join as an appellant in the appeal he shall file his joinder in appeal, within the time allowed by these rules for filing notice of appeal; and thereafter, within the time prescribed by these rules for such purposes, he may, if he desires, file such additional assignments of error and additional directions to the clerk of the lower court as he may deem necessary. Should an appeal be commenced more than 20 days after the rendition of the decision, judgment, decree, or order appealed from, an appellee shall be allowed ten days after being served with a copy of the notice of appeal within which to file his joinder in appeal and his assignments of error."
Rule 3.11 e (1) is amended to read as follows:
"(1) Voluntary Substitution. Whenever any party to an appeal pending in the Court shall die, the personal representative of the deceased party may voluntarily come in and be admitted as a party to the appeal, and said appeal shall thereupon be heard and determined as other appeals. If a party dies after rendition of the order or judgment appealed from, the appeal may be filed and maintained in the name of the personal representative of such deceased party. If no personal representative has been appointed in such case, the appeal may be filed and maintained in the name of the deceased party; provided, however, that the personal representative of the deceased party shall within 30 days after his qualification file with the appellate court a certified copy of his letters testamentary or letters of administration whereupon the personal representative shall be substituted *199 as party appellant in lieu of the decedent without the necessity of further motion."
Rule 4.2 a is amended to read as follows:
"a. Application. Appeals may be prosecuted in accordance with this rule from interlocutory orders in civil actions which, from the subject matter or relief sought, are such as formerly were cognizable in equity, from interlocutory orders relating to venue or jurisdiction over the person and from orders granting partial summary judgment on liability in civil actions, and from decisions, orders, judgments or decrees entered in civil actions after final judgment, except those relating to motions for new trial, rehearing or reconsideration; from orders granting or denying motions to vacate defaults and from orders granting or denying dismissal for lack of prosecution or denying reinstatement under Rule 1.420 R.C.P.; providing that nothing in this rule shall preclude the review of an interlocutory order or decree in a civil action on appeal from the final judgment or decree as otherwise authorized by these rules; and provided, however, this rule shall not be construed as limiting or affecting the power of the district courts of appeal or the circuit courts in reviewing any appropriate interlocutory order by common law certiorari."
Rule 4.2 b is amended to read as follows:
"b. Time for Filing. The notice of appeal, which shall designate the appeal as an interlocutory appeal, and assignments of error shall be filed simultaneously within 30 days from the rendition of the decision, order, judgment or decree sought to be reviewed."
Rule 4.3. The first paragraph of Rule 4.3 is amended to read as follows:
"Appeals may be taken in bond validation proceedings only from the final judgment within 30 days after the rendition of such judgment."
Rule 4.5 c (1) is amended to read as follows:
"c. Certiorari.
(1) Petition to be supported by transcript and brief. Application for writ of certiorari shall be by petition filed in the Court within 30 days from the rendition of the decision, order, judgment or decree sought to be reviewed. Unless otherwise ordered by the Court, it shall be accompanied by a certified transcript of the record of the proceedings the petitioner seeks to have reviewed or so much thereof as is essential. Unless shown by the respondent or his attorney to be necessary, no other record shall be required. The petition shall contain a concise statement of the cause and the reasons relied on for granting the writ. It shall be accompanied by a supporting brief prepared as provided by Rule 3.7."
The second paragraph of Rule 4.5 c (6) is amended to read as follows:
"(6) From District Court to Supreme Court.

* * * * * *
The petition for certiorari under this rule shall be filed in the Supreme Court within 30 days from the rendition of the order, decision or judgment of the district court of appeal. The petition shall set forth briefly and clearly the grounds for invoking jurisdiction of the Supreme Court and the facts relied upon for the issuance of the writ. Unless the district court shall otherwise direct for good cause shown after notice and hearing, a petition for certiorari filed in the Supreme Court within 15 days from the date of the filing of the order, decision or judgment sought to be reviewed or within 15 days from the date of the disposition of a petition for rehearing shall automatically stay further proceedings in the district court and the trial court until the disposition of said petition by the Supreme Court; otherwise such petition for certiorari shall operate as a stay of such proceedings only upon the order of the Supreme Court or the Chief Justice after due notice to the adverse party."
Rule 4.5 g (1) is amended to read as follows:
"(1) In aid of prescribed jurisdiction.
Application for constitutional or other writs necessary to the complete exercise of the jurisdiction of the Court will be entertained only after reasonable notice to the *200 adverse party. No such petition will be entertained unless the case is one in which the Court may properly acquire jurisdiction and then only when it is made clearly to appear that the writ is in fact necessary in aid of an ultimate power of review and that a supersedeas order entered by the lower court will not completely preserve the Court's jurisdiction, or that the lower court has erroneously refused to enter such an order."
Rule 6.2 is amended to read as follows:
"Any appeal by the defendant from the judgment or sentence shall be taken within 30 days after the sentence is entered, provided that the defendant may take an appeal from the judgment within 30 days after the judgment is entered."
Rule 6.3 is amended to read as follows:
"a. An appeal may be taken by the state only within 30 days after the order or sentence appealed from is entered, except that when the defendant takes an appeal from the judgment the state may, not later than 10 days after the defendant files his assignments of error and serves a copy thereof, take an appeal authorized by Section 924.07(4), Florida Statutes. When an appeal is taken by the state by filing a notice of appeal, a filing fee of $25.00 shall be transmitted to the clerk of the appellate court by the Board of County Commissioners of the county in which the trial court is located.
"b. Appeals pursuant to Section 924.071, Florida Statutes 1967, shall be taken within the time prescribed in subsection a above, or prior to the commencement of the trial whichever is sooner. The procedure for such appeals shall be as provided in Rule 4.2. Such appeals shall be given priority on the docket."
Rule 7.2 a is amended to read as follows:
"a. Appeal, Notice. The notice of appeal shall be substantially in the following form:
 (TITLE OF COURT)
 __________________________________
 (name of plaintiff)
 v.
 __________________________________
 (name of defendant)
 NOTICE OF (1) APPEAL
 _________________________, defendant (or plaintiff), takes and enters his
 (name of appealing party)
(1) appeal to the _________ Court of Florida to review the order, judgment or decree of the ___________ Court for __________ County, bearing date the _______ day of _________, 19__, and rendered and recorded in _________ book at page _________ on _________ (2). The nature of the order appealed from is _________ (3). All parties to said cause are called upon to take notice of the entry of this appeal.
 ____________________________________________
 (Attorney for Defendant
 (or plaintiff))
(1) Insert "interlocutory," if an interlocutory appeal.
(2) See Rule 1.3 which defines rendition.
(3) Rule 3.2 c of Florida Appellate Rules requires that the notice of appeal include the nature of the order, judgment or decree appealed from. (For example, a final judgment against appellant; or, for example, *201 an interlocutory order in equity; or other language descriptive of the nature of the order, judgment or decree appealed from.)"
Decisions, orders, judgments or decrees in civil actions and judgments or sentences in criminal actions rendered or entered prior to October 1, 1968 shall be governed by the rules heretofore in effect. Decisions, orders, judgments or decrees in civil actions and judgments or sentences in criminal actions rendered or entered after September 30, 1968 shall be governed by these rules which shall supersede all conflicting rules and statutes. Pursuant to the provisions of Sec. 59.081, Florida Statutes 1967, F.S.A. all statutes of this state fixing the time within which appeals, petitions for certiorari, petitions for review or similar processes by whatever name described are taken shall stand repealed upon the effective date of these rules, viz: September 30, 1968 at midnight, and the statutory revision department of the state shall, pursuant to the foregoing act, in its next revision eliminate such statutes from the official Florida statutes.
Failure to invoke the jurisdiction of any appellate court within the time prescribed by these rules shall divest such court of jurisdiction to review such cause.
CALDWELL, C.J., and THOMAS, ROBERTS, DREW, ERVIN and ADAMS, JJ., concur.
THORNAL, J., agrees to all except amendment to Rule 4.5 g (1).