DOWNEY, Judge.
This is an interlocutory appeal from an order of the trial court in an action formerly cognizable at law denying appellant’s motion to dismiss.
Appellee sued appellant as personal representative of the Estate of Nazzareno lo-vanna to recover monies due pursuant to a lease. A motion to dismiss was directed to the complaint upon the ground that although appellee had filed a claim against the decedent’s estate and objection had been filed thereto, appellee had not commenced this suit within the time required by § 733.18(2), F.S. 1973. The trial court denied said motion and this appeal ensued.
Upon consideration of the briefs and record we are of the opinion that the order in question cannot be made the subject of an interlocutory appeal. The complaint involves subject matter formerly cognizable at law and the order denying the appellant’s motion to dismiss is neither a final judgment, nor an order relating to venue or jurisdiction over the person, nor an order granting partial summary judgment on liability.
We are cognizant of two cases from the Third District Court of Appeal wherein that court entertained interlocutory appeals in cases which appear to be factually simi *841 lar to this one sub judice. Grayson v. Maeder, Fla.App.1971, 247 So.2d 774; Poncier v. State, Dept. of Health & Rehab. Serv., etc., Fla.App. 1973, 284 So.2d 463. However, we are unaware of the basis upon which that court determined it had jurisdiction in those cases.
Believing as we do that this court does not have jurisdiction to consider the matter in its present posture, we dismiss this appeal.
Appeal dismissed.
CROSS and MAGER, JJ., concur.