BOOTH, Judge.
This cause is before the Court on interlocutory appeal from the order of the Circuit Court, Alachua County, denying Defendant’s ' motion to dismiss the complaint for lack of prosecution under Rule 1.420(e), Florida Rules of Civil Procedure.
Complaint was filed on an account stated and Defendant responded with a counterclaim seeking damages in excess of the damages claimed by the Plaintiffs. Plaintiffs’ motion for summary judgment was denied September 2, 1976. No further action of record was taken on either the complaint or the counter-claim for one year and four days until September 6, 1977, when Defendant moved to dismiss the complaint for lack of prosecution. On the same day, Defendant filed notice of intention to proceed with its counter-claim on which no action had been taken during the previous year.
Plaintiffs filed a statement of good cause as to why the complaint should not be dismissed stating: (1) there was non-record activity within the one year period consisting of settlement negotiations conducted *868 between counsel for the parties and (2) it would be inequitable to dismiss the complaint and allow continued prosecution of the counter-claim.
Rule 1.420(e), FRCP, as amended effective October 1, 1968, provides:
“All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion.”
Under the foregoing version of the rule, in effect at the time of the proceedings below, the trial court determines whether there has been activity, either of record or not of record,[1] within the one year period which “moves the cause of action towards its ultimate resolution.”[2], or if not, whether good cause has been shown why the action should remain pending. The question presented here is whether thé trial court may consider all the facts and circumstances, including Defendant’s reactivation of its counter-claim and non-record activity within the one-year period, activity which standing alone may not be sufficient,[3] in ruling on the motion to dismiss. Defendant concedes that it has been dilatory in pursuing its counter-claim, but states this was a “matter of tactics.”
In Grossmann v. Segal, 270 So.2d 746 (Fla.2nd DCA 1972) the trial court ruled that despite the lack of activity within the one-year period the particular factual situation did not call for the enforcement of Rule 1.420. On appeal, the District Court affirmed, holding:
“. . .In the case sub judice defendant had engaged in delaying tactics and was not free from criticism. The trial court properly exercised his discretion and denied the motion to avoid ‘an unfair result’ that would ‘defeat the cause of justice.’ We uphold the denial of defendant’s-motion based upon the good cause exhibited by plaintiffs which excused their failure to prosecute.”
We hold that the trial court may consider all facts and circumstances bearing on “good cause,” in order that the ends of justice be not defeated by an unreasonable application of procedural rules, as stated in Grossman, supra. In the absence of abuse of discretion, the trial court’s determination on the motion will stand, as stated in Eli Einbinder, Inc. v. Miami Crystal Ice Co., 317 So.2d 126, 128 (Fla.3d DCA 1975):
“A ruling on a motion for order of dismissal for failure to prosecute is subject to attack only on the ground that it constitutes an abuse of discretion and this heavy burden must be borne by the losing party, i. e. the defendants in the case at bar.”
Defendant/Appellant, in the case at bar, has failed to demonstrate abuse of discretion and the judgment below is, accordingly, AFFIRMED.
BOYER, Acting C. J., and MILLS, J., concur.

. Rule 1.420(e) as amended effective January 1, 1977 apparently eliminates non-record activity as basis for tolling the one-year period.

. Rapport v. Weisberg, 316 So.2d 73 (Fla.3d DCA 1975).

.Steisel v. Birnholz, 313 So.2d 125 (Fla.3d DCA 1975); Leeks v. Dolling, 350 So.2d 10 (Fla.4th DCA 1977), holding settlement negotiations do not toll one-year period under Rule 1.420(e).