386 So.2d 1203 (1980)
BOWL AMERICA FLORIDA, INC., a Florida Corporation, and Proprietors' Insurance Company, a Foreign Insurance Corporation, Petitioners,
v.
Richard L. SCHMIDT, and Nancy Schmidt, His Wife, Respondents.
No. 79-439.
District Court of Appeal of Florida, Fifth District.
March 12, 1980.
*1204 Jeff B. Clark, Orlando, and Marcia K. Lippincott, Sanford, for petitioners.
Patrick A. Raley, Winter Park, for respondents.
SHARP, Judge.
The defendants, Bowl America Florida, Inc., and Proprietors' Insurance Company, filed a Petition for common law certiorari with this Court to review an order entered by the trial court denying the defendants' Motion to Dismiss for Failure to Prosecute. We deny the Petition because this Court does not have jurisdiction to review this kind of interlocutory order under the new Appellate Rules.
Rule 9.030(b)(2), Florida Rules of Appellate Procedure allows review of "non-final orders of lower tribunals other than as prescribed by Rule 9.130 ...". But the types of cases reviewable are limited. There must clearly be a "departure from the essential requirements of [the] law." Thibadeau v. Santini Bros., 315 So.2d 550, 551 (Fla. 4th DCA 1975). The petitioners urge that the expense of proceeding to trial and raising the correctness of the trial court's order on appeal justifies this Court's acceptance of certiorari jurisdiction. These grounds are not sufficient to justify certiorari review. Whiteside v. Johnson, 351 So.2d 759 (Fla. 2d DCA 1977); Neale v. Redins Corp., 320 So.2d 840 (Fla. 4th DCA 1975).
Under Rule 4.2 of the now superseded Florida Rules of Appellate Procedure, numerous cases reached the District Courts of Appeal concerning the refusal of lower courts to dismiss cases for failure to prosecute. See Greyhound Corporation v. Estevez, 360 So.2d 41 (Fla. 3d DCA 1978); Lake Crescent Dev. Corp. v. Flowers, 355 So.2d 867 (Fla. 1st DCA 1978). In 1968 Rule 4.2 of the Florida Appellate Rules was amended to expressly include among the appealable interlocutory orders "orders granting or denying dismissal for lack of prosecution." In Re Florida Appellate Rules, 211 So.2d 198, 199, (Fla. 1968).
Rule 9.130 of the new Florida Rules of Appellate Procedure states that interlocutory appeals shall be limited to those categories specifically listed in the Rule. Significantly, orders of the kind sought to be reviewed in this case were dropped. This significant omission would be rendered meaningless if we were to accept routinely the review of such orders by certiorari. We decline jurisdiction and deny the petition. See Suez Company v. Hodgins, 137 So.2d 231 (Fla. 3d DCA 1962).
Petition for writ of common law certiorari is DENIED.
DAUKSCH, C.J., concurs.
UPCHURCH, J., dissenting with opinion.
UPCHURCH, Judge, dissents.
Appellate courts have discouraged litigants in their attempts to secure this writ of common law certiorari and have narrowly applied the test from Dairyland Insurance Co. v. McKenzie, 251 So.2d 887 (Fla. 1st DCA 1971), to determine whether the writ should be granted.
Cases state that a liberal application of that test would increase judicial labor or be used by contentious litigants to delay resolution of cases. I agree that it is best to limit parties to post trial remedies if adequate. See Santini Brothers, Inc., v. Grover, *1205 338 So.2d 79 (Fla. 4th DCA 1976); Chalfonte Development Corp. v. Beaudoin, 370 So.2d 58 (Fla. 4th DCA 1979); Lynch v. City of Deerfield Beach, 369 So.2d 1042 (Fla. 4th DCA 1979); Esler v. Gabinet, 369 So.2d 93 (Fla. 4th DCA 1979).
I concur with the majority opinion that the amendment of Florida Rule of Appellate Procedure, Rule 4.2, now superseded by Rule 9.130, limits interlocutory appeals to those categories specifically listed in the rule as amended. However, the elimination of review of orders denying motions to dismiss for lack of prosecution from that rule is significant only to the extent that such orders are no longer reviewable by interlocutory appeal. Such orders may now only be reviewed, at the discretion of this court, by writ of common law certiorari. Previously, such orders apparently could be reviewed either by interlocutory appeal or certiorari. Eastern Elevator, Inc. v. Page, 250 So.2d 326 (Fla. 4th DCA 1971). There was never an intent by amendment of the rule to abolish the writ.[1]
In the case before us, the applicable facts were:
On July 28, 1978, the court furnished respondents with a notice to attorneys and parties that petitioner's attorney was acting as campaign manager for the trial judge, and directed any who were concerned about possible bias to file affidavits to that effect and the judge would recuse himself.
On August 28, 1978, respondents filed an affidavit.
On September 6, 1978, the last undisputed affirmative action took place, a motion for compulsory physical examination.
On September 25, 1978, an order reassigning another judge was entered.
On September 10, 1979, the motion to dismiss was filed.
Therefore, if the September 6, 1978 motion is the last action, more than one year elapsed. If September 25, 1978 controls, the year had eighteen days to run.
A single question was presented to the trial court: Was an order assigning another judge "affirmative action"?
No cases have been cited which directly answer this question. A notice of substitution of counsel and an order thereon is not sufficient to prevent dismissal. Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla. 1950), St. Anne Airways Corp. v. Larontonda, 308 So.2d 129 (Fla. 3d DCA 1975), and Industrial Trucks of Florida, Inc. v. Gonzales, 351 So.2d 744 (Fla. 3d DCA 1977). In the case before us, the reassignment of the judge was instituted by the court rather than either party; therefore, the reasons are even more compelling than in those cases cited to hold that the entry of the order did not constitute progress.
If we are truly concerned with judicial labor and inconvenience, as well as delay and expense to litigants in our reasons for limiting the writ to the most urgent circumstances, we should grant certiorari in this instance.
In my opinion, the trial court's failure to dismiss was a departure from the essential requirements of law. To say petitioner has an adequate remedy because he can raise the same point on appeal after a trial is small consolation to the trial court, which has no shortage of cases to try, to the parties who must pay for this exercise, or to *1206 the taxpayer who underwrites much of the cost of litigation, or to this court which will assuredly have to consider the same question at a future date unless petitioner prevails at trial. My conclusion would be different if there was a possibility the question could be resolved by the trial, or if answering the question at this time would be of insignificant benefit to all concerned. The question can only be answered at the appellate level and will only wait to destroy, not only any recovery by Plaintiff, but the labor and expense of all involved.
To determine whether we should grant certiorari, two questions should be answered:
1. Was there a departure from the essential requirements of law?
2. Would the dismissal, if granted, be dispositive of the suit?
If these questions can both be answered affirmatively, the writ should be granted. In the case before us, those questions can be answered affirmatively, and, I would grant the writ.
Therefore, I respectfully dissent.
NOTES
[1] 1977 Advisory Committee and Court's Commentary: This rule replaces former Rule 4.2 and substantially alters current practice. This rule applies to review of all non-final orders, except those entered in criminal cases, and those specifically governed by Rules 9.100 and 9.110.

The Advisory Committee was aware that the common law writ of certiorari is available at any time and did not intend to abolish that writ. However, since that writ provides a remedy only where the petitioner meets the heavy burden of showing that a clear departure from the essential requirements of law has resulted in otherwise irreparable harm, it is extremely rare that erroneous interlocutory rulings can be corrected by resort to common law certiorari. It is anticipated that since the most urgent interlocutory orders are appealable under this rule, there will be very few cases where common law certiorari will provide relief. See Taylor v. Board of Public Instruction of Duval County, 131 So.2d 504 (Fla. 1st DCA 1961).