NESBITT, Judge.
The plaintiffs have perfected this interlocutory appeal to review an order granting a motion to amend the final judgment of foreclosure. We have jurisdiction to review the matter as an order entered after final judgment. Fla.R.App.P. 9.130(a)(4).
A final judgment of foreclosure was entered on March 25,1981. On April 13,1981, the defendant served a motion to alter or amend the final judgment so as to authorize the defendants to pay the judgment in monthly installments, which motion was granted.
A motion to alter or amend a judgment must be served not more than ten days after entry of the judgment pursuant to Florida Rule of Civil Procedure 1.530(g) and no enlargement of time is authorized for the making of such a motion. Fla.R. Civ.P. 1.090(b). Because the motion was untimely served, the trial court lost jurisdiction to alter or amend the judgment. Environs Palm Beach v. Donovan, 361 So.2d 718 (Fla.4th DCA 1978); Kitzmiller v. South *36 east Services, Inc., 358 So.2d 271 (Fla.3d DCA 1978).
In this case, the motion could not be considered as one praying for relief from judgment because no ultimate facts were alleged to activate the provisions of Florida Rule of Civil Procedure 1.540(b). Duncan v. Allman, 386 So.2d 6 (Fla.4th DCA 1979). See, American National Bank v. Lau, 268 So.2d 567 (Fla.2d DCA 1972), cert. denied, 273 So.2d 81 (Fla.1973).
This disposition renders it unnecessary to determine whether the defendants were entitled, under the substantive law, to the relief granted.
For the foregoing reasons, the amended final judgment is reversed with directions to reinstate the original final judgment of foreclosure.