416 So.2d 1264 (1982)
ARVIDA CORPORATION, Etc., et al., Petitioners,
v.
The Honorable Robert S. HEWITT and Jon Earhart, et al., Respondents.
No. 82-602.
District Court of Appeal of Florida, Fourth District.
July 21, 1982.
Robert M. Klein, West Palm Beach, for petitioners.
No appearance for respondents.
GLICKSTEIN, Judge.
The trial court granted petitioner's motion to dismiss for lack of prosecution in an order dated June 30, 1981; but on August 12, 1981, it vacated same upon respondent *1265 Earhart's motion pursuant to Florida Rule of Civil Procedure 1.540.[1] In the two-part order of August 12th the trial court also ordered a hearing be held on petitioner's motion to dismiss for lack of prosecution after petitioner had an opportunity to obtain the testimony of a witness. The motion to dismiss to which the second part of the August 12th order referred was obviously the same motion which had precipitated the order of dismissal and the vacation thereof. At that point the parties were back in the same position as they were when the motion to dismiss first was filed.
On September 18, 1981, the trial court denied the motion to dismiss for lack of prosecution. Thereafter, petitioner sought rehearing which the court denied on February 22, 1981; he then filed the present petition for writ of certiorari.
First, the trial judge should not have been named as a respondent. Trial judges have enough to say blessings over without inappropriately being named as respondents in petitions for writ of certiorari. They should not be caused to wonder as to whether a response, or counsel who will file same, are necessary.
Second, the order in question is not reviewable by certiorari. Chalfonte Development Corp. v. Beaudoin, 370 So.2d 58 (Fla. 4th DCA 1979); Bowl America Florida, Inc. v. Schmidt, 386 So.2d 1203 (Fla. 5th DCA 1980).
Third, this proceeding could be considered timely only if the trial court had denied the rehearing of a final post-judgment order. Clearwater Federal Savings & Loan Association v. Sampson, 336 So.2d 78 (Fla. 1976); Khem-Troll, Inc. v. Edelman, 351 So.2d 1040 (Fla. 4th DCA 1976); Meyerson v. Texsol, Inc., 385 So.2d 5 (Fla. 3d DCA 1980). To have such an order there necessarily must be an existing judgment. That is not the case here.
Fourth, petitioner inadvertently termed its petition "emergency" in nature. For the benefit of the Bar, we mention that section 3.2 of this court's Internal Operating Procedures provides in part:
Any request for emergency action shall be marked urgent and delivered by the Clerk at once to the motion or merits panel of judges assigned to the case.
Because of the response the word "emergency" stimulates in the judges and clerk of this court, it must be used prudently by a petitioner.
We therefore dismiss the petition as to the trial judge and deny the petition as to the remaining respondent.
BERANEK and HURLEY, JJ., concur.
NOTES
[1] No appeal was taken from this order pursuant to Florida Rule of Appellate Procedure 9.130(a)(5).