477 So.2d 1023 (1985)
CLEARWATER OAKS BANK, a State Banking Institution, Petitioner/Appellant,
v.
Edgar W. PLUMTREE, Respondent/Appellee.
Nos. 85-579, 85-615.
District Court of Appeal of Florida, Second District.
August 9, 1985.
Rehearing Denied September 17, 1985.
*1024 Joseph P. McNulty of Earle and Earle, St. Petersburg, for petitioner/appellant.
C.J. Abernathy and Joseph R. Miele, St. Petersburg, for respondent/appellee.
RYDER, Chief Judge.
In this case involving complex legal maneuvers between two mortgagees of a chattel mortgage on a liquor license, Clearwater Oaks Bank seeks review of one portion of an order via common law certiorari and another portion of the same order via interlocutory appeal. We deny the petition for certiorari and reverse the portion of the order from which the appeal was taken.
We will not detail all the legal actions taken, but essentially, through several different lawsuits the mortgage held by Edgar W. Plumtree was declared to have a higher priority than the mortgage held by Clearwater Oaks Bank. During the litigation, the liquor license was sold and the proceeds deposited in a special escrow account at the Bank. Subsequently, Plumtree foreclosed his mortgage and obtained a final judgment against the mortgagors for $20,000.00 in attorney's fees. Plumtree moved for a "distribution of assets," seeking to collect the attorney's fees award from the special escrow account. The Bank seeks review by certiorari of the trial court's granting of that motion.
Seven months after the order awarding the attorney's fees was entered Plumtree moved to amend it, making the judgment a lien against the escrow account. The trial court granted the motion nunc pro tunc and denied the Bank's later motion to vacate the nunc pro tunc judgment which was based on the ground that the judgment was void. The Bank appeals.
Although the Bank advances several theories why the nunc pro tunc judgment was void, only one has merit. Plumtree's motion to amend the original attorney's fee judgment was made seven months after the entry of the judgment. A motion to alter or amend a final judgment must be served not later than ten days after entry of the judgment or the trial court loses jurisdiction to alter or amend the judgment. Fla.R.Civ.P. 1.530(g); Tompkins v. Kraemer, 402 So.2d 35 (Fla. 3d DCA 1981). Because Plumtree's motion was untimely, the trial court lacked jurisdiction to enter the nunc pro tunc judgment.
Plumtree argues that the motion was timely in that it sought relief from a clerical mistake pursuant to Florida Rule of Civil Procedure 1.540. However, in fact, the motion did not seek to correct a clerical mistake. It sought a substantive change in *1025 the judgment. The remedies permitted through rule 1.540 do not apply to judicial errors. Pompano Atlantis Condominium Association, Inc. v. Merlino, 415 So.2d 153 (Fla. 4th DCA 1982).
Regarding the petition for certiorari, the Bank contends that the order granting the motion for distribution was based on the void nunc pro tunc judgment, therefore, it is also a nullity. This argument is erroneous. The motion, which was filed prior to the entry of the nunc pro tunc judgment, sought distribution of the attorney's fees award from the special escrow account but did not rely on the later-created lien on that account. As the Bank has provided us with no other legal reason why the trial judge departed from the essential requirements of law in granting the motion for distribution, we deny its petition for certiorari review.
Accordingly, the petition for certiorari is denied and the nunc pro tunc judgment complained of is quashed.
SCHEB and HALL, JJ., concur.