507 So.2d 782 (1987)
SOUTHWINDS RIDING ACADEMY and Wynell Sebree, Appellants,
v.
Alice SCHNEIDER and Jerome Schneider, Appellees.
No. 87-702.
District Court of Appeal of Florida, Third District.
May 26, 1987.
*783 Merritt, Sikes & Craig and William L. Summers, Miami, for appellants.
Robert A. Kanziger, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.

ON MOTION TO DISMISS
DANIEL S. PEARSON, Judge.
Southwinds Riding Academy and Wynell Sebree, defendants below, appeal an order denying their motion to dismiss for lack of prosecution the action of the plaintiffs, Alice and Jerome Schneider. The Schneiders, appellees here, have moved to dismiss the appeal on the grounds that this court is without jurisdiction to consider the appeal because the lower court order is neither final nor one of the enumerated non-final orders which we are authorized to review. Art. V, § 4(b)(1), Fla. Const. (1972); Fla.R. App.P. 9.110, 9.130(a)(3).
Plainly, the appellees are correct: the order is not final in that it does not bring to an end the judicial labor in the case, see Cone v. Benjamin, 142 Fla. 604, 195 So. 416 (1940); Alderman v. Puritan Dairy, 145 Fla. 292, 199 So. 44 (1940); Blount v. Hansen, 116 So.2d 250 (Fla. 2d DCA 1959); South Carolina Ins. Co. v. Gonzalez, 386 So.2d 829 (Fla. 3d DCA 1980); and, although clearly non-final, it is not among those non-final orders over which the rules have given us appellate jurisdiction.[1]
Of course, the appellants can take no comfort in cases filed in the appellate court before March 1, 1978. See Fla.R. App.P. 9.010 (Effective Date and Scope of 1977 Revision). Such cases[2] were governed by Rule 4.2, Florida Appellate Rules, 1962 Revision, which expressly permitted an appeal from an order denying a motion to dismiss for lack of prosecution.[3] Nor can we justify treating this appeal as certiorari on the ground that the appellants will suffer the needless expenditure of time and money in proceeding to trial in order to raise on a later plenary appeal from an adverse final judgment an alleged error which could be dispositive of the case now.[4] *784 See Bowl America Florida, Inc. v. Schmidt, 386 So.2d 1203 (Fla. 5th DCA 1980). As the court recognized in Bowl America, to permit certiorari review would make meaningless the deliberate omission of this non-final order from those appealable under the appellate rules. See also Margulies v. Gutierrez, 486 So.2d 58 (Fla. 3d DCA 1986); Nicholas v. Nicholas, 462 So.2d 11 (Fla. 2d DCA 1984); Cumbey & Fair, Inc. v. Bd. of County Comm'rs, 436 So.2d 173 (Fla. 2d DCA 1983); Arvida Corp. v. Hewitt, 416 So.2d 1264 (Fla. 4th DCA 1982). Accordingly, the appellees' motion to dismiss is granted, and the appeal is
Dismissed.
NOTES
[1] Article V, Section 4(b)(1) of the Florida Constitution (1972) provides:

"District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court. They may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court."
[2] See, e.g., Greyhound Corp. v. Estevez, 360 So.2d 41 (Fla. 3d DCA 1978); Lake Crescent Development Corp. v. Flowers, 355 So.2d 867 (Fla. 1st DCA 1978); Industrial Trucks of Florida, Inc. v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977); Dade County v. Moreno, 227 So.2d 548 (Fla. 3d DCA 1969). Although Hirsch v. Muldowney, 470 So.2d 766 (Fla. 3d DCA 1985), was decided well after the rule change, it is not clear from the opinion whether the appeal there was from a final judgment or from an interlocutory order, despite the gratuitous, but not necessarily accurate, comment inserted by West Publishing Company in its summary of the case that the appeal was "brought from a decision... denying defendant's motion to dismiss action for lack of prosecution."
[3] Rule 4.2 provided in pertinent part: "Appeals may be prosecuted in accordance with this rule ... from orders granting or denying dismissal for lack of prosecution."
[4] Since a dismissal for lack of prosecution is not an adjudication on the merits and thus has no res judicata effect, Pettijohn v. Dade County, 446 So.2d 1143 (Fla. 3d DCA 1984); Boeing Co. v. Merchant, 397 So.2d 399 (Fla. 5th DCA 1981), the only justification for raising this point on a plenary appeal is that a dismissal would have effectively foreclosed the refiling of the action because of the running of the applicable statute of limitations. While it is probable that in most cases the applicable statute of limitations would have run by the time of any decision on a plenary appeal, fairness dictates that the running of the statute of limitations be suspended from the time of the trial court's ruling denying the motion to dismiss, and if the statute of limitations had not then expired, then it will be presumed that a plaintiff, if successful on all other aspects of the plenary appeal, would have refiled his action within the time remaining, thus rendering moot the error of the trial court in denying the motion to dismiss. Cf. Glatstein v. City of Miami, 391 So.2d 297 (Fla. 3d DCA 1980) (tolling one-year time limitation under Florida Rule of Civil Procedure 1.540(b) during pendency of appeal).