FERGUSON, Judge.
Twelve days after dismissing World Purchasing’s complaint for failure to prosecute, the trial court entered a non-final order reinstating the action. Pan American appeals from that non-final order entered after the final order of dismissal. We exercise jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(4).[1]
Where no action is taken by the filing of pleadings, by order of the court or otherwise for a period of a year, it is an abuse of discretion to deny a defendant’s motion to dismiss, pursuant to Florida Rule of Civil Procedure 1.420(e), for failure to prosecute. Industrial Trucks of Florida, Inc. v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977). An order which vacates an order of dismissal for failure to prosecute is subject to the same test for abuse of discretion. The fact that the statute of limitations has run is a not good cause for vacating the order of *1193 dismissal. See Dade County v. Moreno, 227 So.2d 548 (Fla. 3d DCA 1969).
Reversed.

. Cf. Southwinds Riding Academy v. Schneider, 507 So.2d 782 (Fla. 3d DCA 1987) (an order denying a motion to dismiss for failure to prosecute is a non-final nonappealable order).