521 So.2d 183 (1988)
ROSIE O'GRADY'S, INC., a Florida corporation, Appellant,
v.
Concepcion DEL PORTILLO, Appellee.
No. 87-2745.
District Court of Appeal of Florida, Third District.
February 9, 1988.
Rehearing Denied March 28, 1988.
Walton, Lantaff, Schroeder & Carson and G. Bart Billbrough, Miami, for appellant.
Barnett, Clark and Barnard and James K. Clark, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.

*184 ON MOTION TO DISMISS
DANIEL S. PEARSON, Judge.
Concepcion Del Portillo, the plaintiff below, has moved to dismiss the defendant's appeal from the trial court's order (1) denying the defendant's motion to dismiss grounded on the plaintiff's failure to prosecute and (2) denying the defendant's motion to dismiss for the plaintiff's alleged failure "to pay the transfer fee under Florida Rules of Civil Procedure, Rule 1.060."[1]
The defendant concedes that no appeal lies from that part of the order denying its motion to dismiss on account of the plaintiff's failure to prosecute. Southwinds Riding Academy v. Schneider, 507 So.2d 782 (Fla. 3d DCA 1987). The defendant contends, however, that we have jurisdiction over its appeal from that part of the order which denied dismissal on the ground that the plaintiff had failed to pay the transfer fee required by Florida Rule of Civil Procedure 1.060(c), arguing that the order is one which "concern[s] venue" and is thus one of the designated non-final orders reviewable under Florida Rule of Appellate Procedure 9.130(a)(3)(A). We disagree.
As can be plainly seen, the non-final orders reviewable when entered are, as the committee note to Rule 9.130 tells us, "the most urgent interlocutory orders." These orders are deemed to have such immediate adverse consequences to the losing party that expeditious review is afforded as of right. See School Board v. Angel, 404 So.2d 359, 361 (Fla. 5th DCA 1981) (Rule 9.130(a)(3) "authorizes review of only a few designated interlocutory non-final orders"; ordinary reversible errors may be reached by appeals after final judgment); Powell v. Wingard, 402 So.2d 532 (Fla. 5th DCA 1981) (ordinary interlocutory errors of trial courts may be adequately redressed by plenary appeal from final judgment). Thus, while Rule 9.130(a)(3)(A) provides that an order which "concern[s] venue" is immediately appealable so that the losing party may avoid the irreparable injury which might ensue by being compelled to litigate in the inappropriate forum, the defendant in the present case has not challenged an order fixing the locus of the action, but instead has sought dismissal based upon the plaintiff's alleged failure to accomplish the administrative task of paying a service charge. Cf. Williams v. State, 324 So.2d 74 (Fla. 1975) (failure of appellant to pay filing fee when filing timely notice of appeal has no effect upon jurisdiction of court over appeal); Weintraub v. Alter, 482 So.2d 454 (Fla. 3d DCA 1986) (same). Whether correct or not, the trial court's refusal to dismiss the plaintiff's action without prejudice (the limited sanction permitted by Rule 1.060(c)) because no service charge was paid is not a matter of such import that it requires an appellate court's immediate attention.
Accordingly, the plaintiff's motion to dismiss the defendant's appeal is granted.
Appeal dismissed.
NOTES
[1] Rule 1.060(c) provides:

"The service charge of the clerk of the court to which an action is transferred under this rule shall be paid by the party who commenced the action within 30 days from the date the order of transfer is entered, subject to taxation as provided by law when the action is determined. If the service charge is not paid within the 30 days, the action shall be dismissed without prejudice by the court that entered the order of transfer."