530 So.2d 971 (1988)
MARSH & McLENNAN, INC. and Certain Underwriters at Lloyds, Appellants,
v.
AEROLINEAS NACIONALES DEL ECUADOR, Appellee.
Nos. 87-2646, 87-2693.
District Court of Appeal of Florida, Third District.
August 9, 1988.
Rehearing Denied September 29, 1988.
Blackwell, Walker, Fascell & Hoehl and Leonel R. Plasencia and Douglas H. Stein, Steel Hector & Davis and Brian J. Stack, Miami, for appellants.
Kelley, Drye & Warren including Smathers & Thompson and Henry H. Bolz, III, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL, HUBBART, NESBITT, BASKIN, DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.

ON HEARING EN BANC OF MOTION TO DISMISS APPEALS
DANIEL S. PEARSON, Judge.
The appellee, Aerolineas Nacionales Del Ecuador, S.A., claiming that we lack jurisdiction, has moved to dismiss these consolidated appeals from the trial court's order on rehearing reinstating a previously dismissed action. The appellants, Marsh & McLennan and Certain Underwriters at Lloyds, have responded that their appeals are from a non-final order entered after a final order and are thus authorized by Florida *972 Rule of Appellate Procedure 9.130(a)(4). Although aware that this court in Pan American Bank, N.A. v. World Purchasing, Inc., 507 So.2d 1192 (Fla. 3d DCA 1987), held an identical order to be appealable, the panel assigned to hear this case[1] was of the view that the order sought to be reviewed was not appealable. On motion of the panel, this nascent conflict was brought to the attention of the entire court, which determined to consider the matter en banc. The court, sitting en banc, now holds that the order is not appealable and overrules the contrary holding in Pan American.
The case began when Aerolineas sued Marsh & McLennan, Certain Underwriters at Lloyds, and St. Paul Fire & Marine Insurance Company. Because the only record activity during a one-year period was Aerolineas' voluntary dismissal of one of the defendants, St. Paul, the other defendants moved to dismiss the suit for lack of prosecution. The trial court dismissed the suit, and Aerolineas timely moved for rehearing. On rehearing, the trial court vacated the dismissal and reinstated the action. It is this latter order which the appellants seek to have reviewed and which they claim is appealable under Florida Rule of Appellate Procedure 9.130(a)(4).
Understandably, the appellants rely on Pan American Bank, N.A. v. World Purchasing, Inc., 507 So.2d 1192, in which a panel of this court characterized the trial court's dismissal for lack of prosecution as a "final order," the reinstatement of the action as a "non-final order," and the order of reinstatement as appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(4) as a "non-final order[] entered after final order." Because the timely motion for rehearing suspended rendition of the earlier order dismissing the action  an occurrence which the decision in Pan American overlooked  we now conclude based on the express language of Rule 9.130(a)(4) that the reinstatement order was not appealable.[2]
Florida Rule of Appellate Procedure 9.130(a)(4) provides:
"Non-final orders entered after final order on motions which suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in Rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule."
It is the opening declaration of the rule  "Non-final orders entered after final order on motions which suspend rendition are not reviewable"  which controls this case.[3] This court has construed this phrase to mean that there are no appeals from "non-final orders, entered after final order, which suspend rendition." Grafman v. Grafman, 488 So.2d 115, 117 n. 2 (Fla. 3d DCA 1986). While this is certainly true, it is perhaps more accurate to say that the non-final order, rather than suspending rendition, ends all possibility that the earlier order will be rendered. Thus, it is the timely motion that suspends rendition, and the phrase should be read to mean that there are no appeals from "non-final orders entered on motions which suspend rendition." However, under either reading, the *973 result is the same: the rendition of the final order  here, the dismissal  can be permanently suspended only by a non-final order  the reinstatement of the dismissed action.[4]
It is clear, of course, that rendition  defined as "the filing of a signed, written order with the clerk of the lower court," Fla.R.App.P. 9.020(g)  is suspended by a timely motion for rehearing authorized by the Rules of Civil Procedure. See Fla.R. App.P. 9.020(g) ("Where there has been filed in the lower tribunal an authorized and timely motion for ... rehearing, ... the order shall not be deemed rendered until disposition thereof."); Sky Lake Gardens Recreation, Inc. v. District Court of Appeal, 511 So.2d 293 (Fla. 1987); Casto v. Casto, 404 So.2d 1046 (Fla. 1981); Wagner v. Bieley, Wagner & Associates, Inc., 263 So.2d 1 (Fla. 1972); Palladeno v. Oesterle, 345 So.2d 382 (Fla. 3d DCA 1977). The effect of the rehearing rule "is to put the world on notice that at any time within ten days after entry of a decree by a court of equity in Florida the court may, on petition for rehearing or on its own initiative, order a rehearing or enter a new or amended decree. Any person that acts in reliance upon such a decree within that time does so at his own peril." Fugazy Travel Bureau, Inc. v. State by Dickinson, 188 So.2d 842, 844 (Fla. 4th DCA 1966). See also State ex rel. Owens v. Pearson, 156 So.2d 4 (Fla. 1963); Dade County v. Snyder, 134 Fla. 756, 184 So. 489 (1938); Johnson v. Feeney, 507 So.2d 722 (Fla. 3d DCA), rev. denied, 518 So.2d 1274 (Fla. 1987); Wollman v. Levy, 489 So.2d 1239 (Fla. 3d DCA 1986); Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386 (Fla. 3d DCA 1986).[5],[6] Thus, the order of dismissal for lack of prosecution, although nominally final, is actually inchoate,[7] and the effect of the order on rehearing reinstating the action was to prevent the dismissal from becoming choate.
It is well established that the denial of a motion to dismiss for lack of prosecution is not appealable. See Rosie O'Grady's, Inc. v. Del Portillo, 521 So.2d 183 (Fla. 3d DCA 1988); Southwinds Riding Academy v. Schneider, 507 So.2d 782 (Fla. 3d DCA 1987); Bowl America Florida, Inc. v. Schmidt, 386 So.2d 1203 (Fla. *974 5th DCA 1980); Killearn Properties, Inc. v. Hammons Asphalt Paving, Inc., 381 So.2d 1169 (Fla. 1st DCA 1980).[8] The order sought to be reviewed in the present case is the functional equivalent of a denial of the motion to dismiss despite the fact that it comes in the form of a reinstatement of the action. It would be anomalous indeed were we to entertain an appeal where, by happenstance, the decision to deny the motion to dismiss follows a rehearing, while disallowing an appeal where the same decision is made at the outset. There is little reason to allow a litigant an appeal simply because the trial court decided to rule one way, and then changed its mind. Indeed, such a result runs counter to the well-recognized purpose of the motion for rehearing, that is, to give judges a discrete period of time to reconsider their orders and correct any perceived errors. See Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386; Elmore v. Palmer First National Bank and Trust Co., 221 So.2d 164 (Fla. 2d DCA 1969); Ortiz v. Ortiz, 211 So.2d 243 (Fla. 3d DCA 1968).
Accordingly, the appeals are dismissed for lack of jurisdiction as the order appealed from  an order on timely motion for rehearing reinstating an action dismissed for lack of prosecution  is a non-final order which is not appealable. The holding to the contrary in Pan American Bank, N.A. v. World Purchasing, Inc., 507 So.2d 1192 (Fla. 3d DCA 1987), is hereby overruled.
Appeals dismissed.
SCHWARTZ, C.J., and BARKDULL, HUBBART, NESBITT, BASKIN and JORGENSON, JJ., concur.
FERGUSON, Judge (dissenting to en banc).
On the procedural point this case may be interpreted to hold that a conflict exists for the purpose of en banc jurisdiction where the court finds from an examination of facts in the record of an earlier case that the result would have been different if counsel had presented the relevant facts and raised the proper issue. Our already overbroad definition of "conflict," see State v. Navarro, 464 So.2d 137 (Fla. 3d DCA 1984) (Ferguson, J., dissenting to rehearing en banc), will not absorb this expansion.
As is noted in the court opinion [see note 2] the issue now discussed was never suggested by the losing appellee in Pan American. The court knows now that the issue could have, and probably should have been raised only because the panel searched the record in the year-old case. It was the appellee and not the court which "overlooked" the issue.[1]
Pan American Bank, N.A. v. World Purchasing, Inc., 507 So.2d 1192 (Fla. 3d DCA 1987), contains no holding which is contrary to the correct result reached in this case. The Pan American panel reached the merits of the case after finding, consistent with the issue as framed, and the facts as presented in the briefs, that the order of dismissal was final. By factual suggestion the order of dismissal was final because rendition was not suspended *975 by a timely motion to reinstate. The case was thus easily distinguishable by the panel.
NOTES
[1] Judges Baskin, Daniel S. Pearson and Jorgenson.
[2] It appears from the appellate court file in Pan American Bank, N.A. v. World Purchasing, Inc. that the point we now discuss was never suggested. Indeed, the parties assumed that if the initial dismissal for lack of prosecution was with prejudice, then it was final, and the reinstatement order was appealable. They thus confined their arguments to whether the initial order of dismissal was with or without prejudice and did not address whether rendition of the initial order of dismissal was suspended.
[3] Neither the opening declaration of Rule 9.130(a)(4) nor any other part of the rule applies to orders that deny a motion which suspends rendition, because such orders are themselves final orders. This seems to have been overlooked in Skaf v. Skaf, 491 So.2d 1265, 1266 (Fla. 4th DCA 1986), where the court held that an order denying rehearing was not appealable because "this court has no jurisdiction to review the trial court's non-final order denying the ... motion for rehearing because Florida Rule of Appellate Procedure 9.130(a)(4) bans review of orders denying motions for rehearing because these motions suspend rendition." (emphasis supplied).
[4] If an order which reinstates a case upon a timely motion for rehearing were considered reviewable, there would be no need for the special proviso of Rule 9.130(a)(4), namely, "that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in Rule 9.110." This proviso is an exception to the primary rule that "non-final orders entered after final order on motions which suspend rendition are not reviewable." This exception would be unnecessary if an order granting a new trial were reviewable under the final sentence of Rule 9.130(a)(4) as a "non-final order[] entered after final order."
[5] While a timely motion for rehearing affects the finality of the earlier order or judgment for appellate purposes, it arguably does not do so for purposes of seeking relief from judgment under Florida Rule of Civil Procedure 1.540. Compare Pruitt v. Brock, 437 So.2d 768 (Fla. 1st DCA 1983) with Cuiffo v. Coconuts Recording Co., 455 So.2d 1161 (Fla. 3d DCA 1984).
[6] The motion for rehearing must be timely filed in order to suspend rendition. In Tompkins v. Kraemer, 402 So.2d 35 (Fla. 3d DCA 1981), this court assumed jurisdiction under Rule 9.130(a)(4). The trial court issued an order, and then granted a party's motion to amend the order. However, the motion for rehearing was filed after the deadline for such motions, and therefore was invalid. Since the first order of the court became final, the court's order after rehearing was a "non-final order[] entered after final order"; as such, and since the motion came too late to suspend rendition, it was appealable under the last sentence of Rule 9.130(a)(4). See also Mackin v. Applestein, 404 So.2d 789 (Fla. 3d DCA 1981) (court, after it had lost jurisdiction over case, denied motion to amend complaint; denial of motion to amend was appealable under Rule 9.130(a)(4), as it was a non-final order entered after a final order).
[7] There is a narrow exception to this. "A successor judge, under proper circumstances, may rule [on rehearing] upon a matter overlooked or omitted by the predecessor judge, but may not correct errors committed by the predecessor." McLemore v. McLemore, 520 So.2d 637, 638 (Fla. 1st DCA 1988) (emphasis added). See also Groover v. Walker, 88 So.2d 312 (Fla. 1956); Paragon Group, Inc. v. Hoeksema, 475 So.2d 244 (Fla. 2d DCA 1985); Doane v. Rapp, 453 So.2d 1197 (Fla. 3d DCA 1984); Better Construction, Inc. v. Camacho Enterprises, Inc., 311 So.2d 766 (Fla. 3d DCA 1975). Therefore, in some circumstances an order may become "final" in some respects notwithstanding the timely filing of a motion for rehearing.
[8] There is some disagreement on whether a denial of a motion to dismiss for lack of prosecution can ever be reviewed on certiorari. Compare Southwinds Riding Academy v. Schneider, 507 So.2d 782, 784 (Fla. 3d DCA 1987) ("[T]o permit certiorari review would make meaningless the deliberate omission of this non-final order from those appealable under the appellate rules.") and Arvida Corp. v. Hewitt, 416 So.2d 1264, 1265 (Fla. 4th DCA 1982) ("[T]he order in question is not reviewable by certiorari.") with Killearn Properties, Inc. v. Hammons Asphalt Paving, Inc., 381 So.2d 1169 (Fla. 1st DCA 1980) (no certiorari review unless there is a showing of irreparable injury beyond the fact of having to go to trial) and Bowl America Florida, Inc. v. Schmidt, 386 So.2d 1203, 1204 (Fla. 5th DCA 1980) ("The petitioners urge that the expense of proceeding to trial and raising the correctness of the trial court's order on appeal justifies this Court's acceptance of certiorari jurisdiction. These grounds are not sufficient to justify certiorari review.") and id. (Upchurch, J., dissenting) (arguing that certiorari should have been granted). Cf. Waiswilos v. Feacher, 370 So.2d 1250 (Fla. 4th DCA 1979) (appeal under Rule 9.130(a)(5) is proper from setting aside of dismissal for lack of prosecution six years after original order).
[1] Undoubtedly the panel was made aware of the facts and the overlooked issue by counsel for the appellee in this case who also represented the appellant in the Pan American Bank case. In this case the issue was eruditely presented by the appellee for simple resolution by the panel.