BASKIN, Judge.
In 1986, Philip Ludovici filed an action for past due rent against Stephen McKiness. When Ludovici did not appear for trial, the trial court entered two orders: an order of dismissal without prejudice, and a final order of involuntary dismissal. The orders were signed and filed on the same day.[1] Neither party sought any post-judgment relief. In 1988, Ludovici refiled the same action for past due rent. The trial court granted McKiness’s motion to dismiss, ruling that res judicata barred the 1988 action. The court entered an Order Dismissing Plaintiffs Complaint with Prejudice.[2] In this appeal, Ludovici contends that, in the 1986 action, the entry of the order of dismissal without prejudice divested the trial court of jurisdiction and rendered the second order void. Thus, he maintains, the 1988 action was not barred by res judicata. McKiness counters that the trial court correctly applied the doctrine of res judicata and its decision should be affirmed. We disagree with both contentions; [3] we reverse the trial court’s dismis *337 sal of the 1988 case for the reason we now set forth.
Application of the doctrine of res judicata rests, not only on the presence of four identities — identities of the persons or parties, of the quality or capacity of the person for or against whom the claim is made, of the cause of action, and of the thing sued for in each action — Albrecht v. State, 444 So.2d 8 (Fla.1984); Rajsfus v. Fabri, 535 So.2d 690 (Fla. 3d DCA 1988), but also on an adjudication on the merits. Malunney v. Pearlstein, 539 So.2d 493 (Fla. 2d DCA 1989); Florida Patient’s Compensation Fund v. St. Paul Fire & Marine Ins. Co., 535 So.2d 335 (Fla. 4th DCA 1988). Here, although the four identities exist, “[i]t is apparent that the trial court’s order[s] of dismissal in the first case [were] entered as a sanction for failure to proceed and [were] not ... adjudication[s] on the merits. See Fla.R.Civ.P. 1.420(b).” Ligan v. Zayre Corp., 511 So.2d 404 (Fla. 3d DCA 1987). Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.

. The order of dismissal without prejudice was filed at 10:44 a.m.; the final order of involuntary dismissal at 10:45 a.m.

. In the order of dismissal the court stated:
1. On September 8, 1986, this court entered that certain Order of Involuntary Dismissal, with prejudice, [sic] in the case styled Ludovici v. McKiness, under case number 86-5466 CA 25, in the Eleventh Judicial Circuit in and or Dade County, Florida. Simultaneously therewith, the court entered an order of dismissal without prejudice.
2. The allegations set forth in this cause and the aforementioned prior litigation are identical.
3. The record is void of any motion for rehearing or notice of appeal pertaining to the Order of Involuntary Dismissal, dated September 8, 1986. Based upon the foregoing, it is
ADJUDGED that:
1. Defendant’s Motion to Dismiss is granted, and plaintiffs Complaint is hereby dismissed with prejudice.

. Assuming, without deciding, that the order dismissing the complaint without prejudice was entered before the final order of dismissal, Lu-dovici's contention is without merit. A court is divested of jurisdiction upon plaintiffs announcement on the record or service of a notice of a voluntary dismissal in accordance with Florida Rules of Civil Procedure 1.420(a)(1), Fears v. Lungsford, 314 So.2d 578 (Fla.1975); Freeman v. Mintz, 523 So.2d 606 (Fla. 3d DCA), cause dismissed, 528 So.2d 1182 (Fla.), review denied sub nom. Coldwell Banker-Klock Co. v. Freeman, 534 So.2d 398 (Fla.), appeal dismissed, 534 So.2d 400 (Fla.1988), absent a motion under 1.540(b). Miller v. Fortune Ins. Co., 484 So.2d 1221, 1224 (Fla.1986) ("[T]he limited jurisdiction conferred on the courts by rule 1.540(b) to correct errors includes the power to correct clerical substantive errors in a voluntary notice of dismissal.”). That principle is inapplicable to the case before us. Here, plaintiff did not file a voluntary dismissal; the court, on its own initiative, ordered the dismissal without prejudice. A trial court lacks jurisdiction to vacate an order of dismissal without prejudice after the order becomes final. Libasci v. Chrysler First Fin. Serv. Corp. of Fla., Inc., 534 So.2d 820 (Fla. 3d DCA 1988). An exception to this finality is a Rule 1.540 motion. Miller, 484 So.2d at 1223. The trial court has jurisdiction to entertain a timely motion for rehearing or to revisit the cause on the court’s own initiative within the time allowed for a rehearing motion. Derma Lift Salon, Inc. v. Swanko, 419 So.2d 1180 (Fla. 3d DCA 1982); Gries Inv. Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980); see Capital Bank v. Knuck, 537 So.2d 697 (Fla. 3d DCA 1989). “The effect of the rehearing rule ‘is to put the world on notice that at any time within the ten days after the entry of a decree by a court of equity in Florida the court may, on petition for rehearing or on its own initiative, order a rehearing or enter a new or amended decree.’” Marsh & McLennan, Inc. v. Aerolíneas Nacionales Del Ecuador, 530 So.2d 971, 975 (Fla. 3d DCA 1988) (en banc) (quoting Fugazy Travel Bureau, Inc. v. State by Dickinson, 188 So.2d 842, 844 (Fla. 4th DCA 1966)). "[The rule] give[s] judges a discrete period of time to reconsider their orders and correct any perceived errors.” Marsh & McLennan, Inc., 530 So.2d at 974. If the trial court entered an order of dismissal without prejudice and subsequently, sub silentio, vacated that order and entered a final order of involuntary dismissal within the period for rehearing prior to termination of its jurisdiction, the court had jurisdiction to enter the second order. As this court stated in Marsh & McLennan, Inc., 530 So.2d at 973, “[a]ny per *337 son that acts in reliance upon such a decree within that time does so at his own peril.”