ON MOTION TO DISMISS
Before HUBBART, COPE and GERSTEN, JJ.
COPE, Judge.
Appellee Michael Spector, defendant below, has moved to dismiss this appeal for want of jurisdiction. As we conclude that appellant Daniel A. Wick’s notice of appeal was timely filed, we deny the motion to dismiss.
In the trial court Spector moved to dismiss for want of prosecution, and the trial court denied the motion. Spector moved for rehearing. The trial court granted rehearing and dismissed the action for failure to prosecute. Wick then filed a motion for rehearing, which was denied, and thereafter filed a notice of appeal. Spector has moved to dismiss the appeal, contending that Wick’s motion for rehearing was unauthorized and that the appeal time expired while the motion for rehearing was pending. We disagree.
Spector’s original motion to dismiss for failure to prosecute was denied. It is settled that an order denying a motion to dismiss for failure to prosecute is a non-final non-appealable order. Marsh & McLennan, Inc. v. Aerolineas Nacionales del Ecuador, 530 So.2d 971, 973 (Fla. 3d DCA 1988) (en banc). After the denial of the motion to dismiss, the action remained pending under the jurisdiction of the trial court.
Spector next filed what he denominated a motion for rehearing. This was in reality a motion for reconsideration which the trial court had the authority in its discretion to consider because it retains control of its own interlocutory orders prior to the entry of final judgment. See Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1388 n. 2 (Fla. 3d DCA), review denied, 494 So.2d 1153 (Fla.1986). When the trial court upon reconsideration granted the motion to dismiss, it entered, for the first time, a final appealable order. Wick then filed a motion for rehearing, which was both timely and authorized. That motion suspended rendition of the order dismissing the action until denial of rehearing. See Fla.R.App.P. 9.020(g). As the notice of appeal was filed within the required period after denial of rehearing, it was timely. The motion to dismiss is therefore denied.