PER CURIAM.
McMahon seeks review of an order dismissing his petition for writ of mandamus. By order of August 27, 1992, the trial court initially granted the petition, but pursuant to appellee’s untimely motion for rehearing, stayed enforcement of the order granting relief pending the disposition of appeals, then before this court, involving issues similar to those raised by McMahon. Thereafter, the trial court entered an order lifting the stay, withdrawing the previous order granting relief, and dismissing the petition for failure to state a claim for which relief should be granted.
A trial court’s authority to modify, amend, or vacate an order or final judgment after rendition is limited to the time and manner provided by rule or statute. Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386 (Fla. 3d DCA), rev. denied, 494 So.2d 1153 (Fla.1986). A motion for rehearing under Fla.R.Civ.P. 1.530 must be served within 10 days after entry of the judgment for which rehearing is sought, failing which the trial court loses jurisdiction except to enforce the judgment or grant relief as provided by Fla.R.Civ.P. 1.540. Id. at 1389; Clearwater Oaks Bank v. Plumtree, 477 So.2d 1023 (Fla. 2d DCA 1985); Pruitt v. Brock, 437 So.2d 768 (Fla. 1st DCA 1983). Because appellee’s motion for rehearing was served after expiration of the 10-day period prescribed by rule, the trial court was without jurisdiction to stay proceedings pursuant to that motion, and to thereafter withdraw the order granting the petition for writ of mandamus.
Accordingly, this cause is REVERSED and REMANDED with directions to vacate the order dismissing the petition, and to reinstate the order of August 27, 1992, granting mandamus relief.
MINER, KAHN and LAWRENCE, JJ„ concur.