# Third District Court of Appeal

## State of Florida

Opinion filed July 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1295
Lower Tribunal No. 18-30690-CA-01

_____

**Yosima Marin-Igarza and Raul Rivas,**
Appellants,

vs.

**American Sales and Management Organization LLC, d/b/a Eulen America,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Charles Kenneth Johnson, Judge.

The Ticktin Law Group, and Brent Day (Deerfield Beach), for appellants.

Allen, Norton & Blue, P.A., and Liana De La Noval and Maria M. Alfaro, for appellee.

Before EMAS, MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed. See Fla. R. Civ. P. 1.420(e) ("In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months. . . the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice. . . the action *shall* be dismissed by the court on its own motion or on the motion of any interested person, . . . after reasonable notice to the parties, *unless* a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.") (emphasis added); Metro. Dade Cnty. v. Hall, 784 So. 2d 1087, 1090 n.4 (Fla. 2001) (standard of review applicable to a trial court's order dismissing a case for lack of prosecution is abuse of discretion); see also Fla. Power & Light Co. v. Gilman, 280 So. 2d 15, 16 (Fla. 3d DCA 1973) ("A change of attorneys, even when made necessary by misfortune, is not good cause for failure to prosecute for one year.") (citing Gulf Appliance Distribs., Inc. v. Long, 53 So. 2d 706 (Fla. 1951)); Havens v. Chambliss, 906 So. 2d 318, 320 (Fla. 4th DCA 2005) (affirming dismissal for failure to prosecute notwithstanding that the expiration of the statute of limitations barred refiling of the action: "We

2

recognize the harsh result here, but just as we concluded in <u>F.M.C. Corp. v. Chatman</u>, 368 So. 2d 1307, 1308 (Fla. 4th DCA 1979), where the rule required dismissal and the statute of limitations had run, '[w]e have every sympathy for such a dire happening, but we are convinced that this is not the kind of good cause the rule envisages.'"); <u>Pan Am. Bank, N.A. v. World Purchasing, Inc.</u>, 507 So. 2d 1192, 1192-93 (Fla. 3d DCA 1987), overruled on other grounds by <u>Marsh & McLennan, Inc. v. Aerolineas Nacionales Del Ecuador</u>, 530 So. 2d 971 (Fla. 3d DCA 1988) ("An order which vacates an order of dismissal for failure to prosecute is subject to the same test for abuse of discretion. The fact that the statute of limitations has run is not good cause for vacating the order of dismissal.").