PER CURIAM.
The appellee, with notice to appellant and well after the expiration of the time specified by Florida Appellate Rule 3.6, subd. b, 31 F.S.A., for the filing in this court of the record on appeal, moved to dismiss the appeal for failure so to do. Appellant did not file a response to said motion, nor does it appear that appellant at any time sought an order extending the time for compliance as available under the rules upon a showing of good cause, and after the lapse of more than thirty days from the date it was filed we entered an order granting the motion and dismissing the appeal.
In support of a petition for rehearing the appellant belatedly presents an affidavit of the clerk of the trial court from which it is made to appear that “all papers .relating to the appeal were properly filed on time [in that court]” and that the failure to file the record on appeal in this court within the period prescribed by the rule was due to the “impression” of the clerk that the trial record was in the possession of appellee’s attorney; that following the filing of ap-pellee’s motion to dismiss the appeal the appellant’s attorney contacted the clerk, who then located the record in his office and prepared and transmitted it to this court some few days later.
It is apparently appellant’s contention that such mistake of the clerk not only affords a proper basis for delay beyond the time allowed by the rules in filing here the record on appeal, but also permits the appellant, who bears the responsibility of supervising the progress of the appeal, to ignore the means specifically afforded by Appellate Rule 3.6(j) (2) to relieve against the hardship of a dismissal for failure to strictly comply with the rules in procedural as opposed to substantive areas of the appeal. This position is quite unsound.
The clerk, as an officer of the court, is obliged to comply with the rules of procedure governing his duties. When delinquent or derelict in such performance, appropriate legal measures are available to enforce compliance, as well as to secure redress by way of damages incurred as a result of his failure to perform those duties. It does not follow, however, that the party seeking relief at the appellate level may rely supinely on the theory that the clerk will capably and efficiently perform those duties. On the contrary, the appellant must supervise the orderly progress of the cause and take all steps necessary to insure its proper and expeditious presentation to this court for disposition. As a minimum requirement he must, where circumstances require an extension of the time allowed for the successive steps of an appeal under Florida Appellate Rule 3.6, take timely affirmative action, based on a showing of good cause, to procure an extension of the time allowed under the rule for the performance of the several steps.
Applying what we have said to the situation with which we are now confronted,' there is nothing in the petition for rehearing that would justify the'recall of *211 our previous order dismissing the appeal. That dismissal, as well as our observations herein, shall not be construed as in any manner affecting the rights of the appellant as against the clerk of the trial court, who is not a party to this proceeding.
Rehearing denied.
WIGGINTON, C. J., and STURGIS and CARROLL, DONALD K., JJ., concur.