546 So.2d 1179 (1989)
Alice CHANDLER, As Guardian of John Parkerson, II, and Alice Chandler, Individually, Appellant,
v.
FLORIDA FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee.
No. 87-2798.
District Court of Appeal of Florida, Fourth District.
August 2, 1989.
Jane Kreusler-Walsh and Larry Klein of Klein & Beranek, P.A., and Cone & Roberts, West Palm Beach, for appellant.
John J. Bulfin of Weiderhold, Moses & Bulfin, P.A., West Palm Beach, for appellee.

ON REHEARING
POLEN, MARK E., Associate Judge.
Appellee Florida Farm Bureau Mutual Insurance Company's motion for rehearing is granted for the limited purpose of correcting an apparent factual error in our opinion dated February 8, 1989. Our determination to reverse the order of the trial court which dismissed appellant's complaint for failure to prosecute remains as stated in the original opinion.
This is an appeal of an order dismissing a complaint for failure to prosecute. This case arises out of an automobile accident that occurred on October 11, 1980, in which Alice Chandler's minor son, John Parkerson II, was injured. The driver of the vehicle which struck Chandler's son was uninsured. Chandler (individually and as guardian of her son) sued her own insurance carrier, Florida Farm Bureau Mutual Insurance Company, for uninsured motorist benefits and damages. On September 18, 1985, Chandler filed a notice of jury trial. That notice was denied on October 29, 1985. On November 4, 1985, an agreed order was entered granting the insurance company's motion for summary judgment on insurance coverage. On August 28, 1986, a stipulation for substitution of counsel was entered and Mr. Gary Roberts became counsel of record. On November 5, 1986 (a year after the agreed order had been entered granting the motion for summary judgment), Florida Farm Bureau filed a Motion to Dismiss for Failure to Prosecute pursuant to Florida Rule of Civil Procedure 1.420(e).
In response to the motion Chandler's attorney, Roberts, filed a sworn affidavit indicating that when he received the file from Chandler's prior counsel it did not contain an order on the notice for trial. Roberts indicated that he had no idea that the notice for trial had been disposed of by a court order, until November 17, 1986. The hearing on the motion to dismiss for lack of prosecution was set for November 18, 1986, at 8:45 a.m.; however, it appears that the matter was not disposed of at that hearing and was thus reset for January 26, *1180 1987, at 11:00 a.m. On November 20, 1986, counsel for appellant filed his motion for enlargement of time, which was unsworn. In that motion, appellant's counsel, Roberts, asserted that he had contacted the clerk of court regarding the notice of trial, and was told that docket entry number 12 dealt with the notice. The clerk sent Roberts a copy of docket entry number 12, but it had no bearing on the notice of trial and Roberts had concluded at that time that the notice must still be pending.
The trial court granted the motion to dismiss and found that the stipulation of substitution of counsel was not record activity; that there had been no court order staying the action; that attorney Roberts' affidavit alleging a misunderstanding between his office and the attorney for Florida Farm Bureau did not constitute "good cause" to deny the motion. Chandler appeals the dismissal for lack of prosecution. We reverse.
Rule 1.420(e) provides that all actions, in which it appears on the face of the record that no activity by the filing of pleadings has occurred for a period of one year, shall be dismissed unless a party shows "good cause" in writing why the action should remain pending. We believe that Roberts' sworn affidavit, taken together with the grounds set forth in his motion for enlargement of time, relating to his conversation with the clerk of the court, establishes good cause why the action should not be dismissed. Roberts relied on information which he had received from the office of the clerk of court concerning the disposition of the notice of trial. We conclude that Roberts was entitled to rely on the information given to him by the clerk in the execution of its ministerial duty. The fact that Roberts' account of his conversation with the clerk's office is not part of his sworn affidavit should not be fatal to the appellant's position. Appellee does not assert that Roberts' account of his conversation with the clerk is untrue, and the trial court should consider the total circumstances surrounding appellant's contention of good cause for not dismissing, as well as what is contained in his sworn affidavit.
We distinguish the two cases which Florida Farm Bureau has urged us to consider. In Ward v. Fountain, 122 So.2d 209 (Fla. 1st DCA 1960), an appeal was taken from a judgment of the circuit court. The appellee filed a motion to dismiss the appeal because the appellant had failed to file a record on appeal. The appellate court granted the motion. On rehearing the appellant filed a supporting affidavit indicating that the failure to file the record on appeal within the time prescribed by the rules was due to the clerk's misimpression that the attorney had the trial record when, in fact, the record had been in the clerk's office. The appellate court noted that the clerk, as an officer of the court, is obliged to comply with the rules of procedure governing his duties and when he or she is derelict in those duties measures are available to enforce compliance. Nevertheless, the court denied the motion for rehearing holding that a party seeking relief at the appellate level cannot rely on the theory that the clerk will capably perform those duties and the party must supervise the progress of the cause.
The holding of Ward is limited to the facts of that case. Even though the clerk has charge of the record on appeal it is incumbent upon the appellant to see that the record is prepared in a timely fashion. We note that Ward concerns an appellant who defaulted in his obligations. In contrast, in the instant case the plaintiffs' attorney took action to determine the status of the motion which he believed was pending. He relied to his detriment on erroneous information which was furnished to him by the clerk.
The other case which the appellee urges us to follow is F.M.C. Corporation v. Chatham, 368 So.2d 1307 (Fla. 4th DCA 1979). There the trial court denied a motion to dismiss for lack of prosecution holding that the party had shown good cause why the action should not be dismissed. This court reversed holding that where the only nonrecord activity between the parties involved telephone calls, conferences and letters between the party's attorney and potential witnesses, such conduct was not "good cause." The court noted that "good *1181 cause" must include contact with the opposing party and some form of excusable conduct or happening which arises other than by negligence or inattention to pleading deadlines. In the instant case counsel was not inattentive to the pleading deadlines. He requested information from the clerk's office concerning the status of the motion which he believed was pending but was given erroneous information.
While appellee's motion for rehearing of our February 8, 1989, opinion correctly points out that this court was in error in setting forth the contents of Roberts' sworn affidavit, the balance of said motion goes to rearguing the merits of the case and the effect of the case law, as we have analyzed above. The affidavit in opposition to the motion to dismiss, taken together with appellant's statements regarding his conversation with the clerk, as contained in his unsworn motion for enlargement of time, established good cause why the action should not be dismissed. We reverse and remand for reinstatement of the action.
REVERSED and REMANDED for further proceedings consistent herewith.
LETTS and GLICKSTEIN, JJ., concur.