PER CURIAM.
This is an appeal from an order reinstating the underlying lawsuit after it had been dismissed pursuant to Florida Rule of Civil Procedure 1.420(e) for failure to prosecute. We reverse.
The Bucelos, plaintiffs below, filed the instant action on June 3,1992 seeking damages for injuries allegedly sustained as a result of an automobile accident. Allstate Insurance Co. filed its answer and affirmative defenses on July 8, 1992. On January 27, 1993, the Bucelos filed their voluntary dismissal against the codefendant. That was the last record activity in this ease until the trial court sua sponte issued its motion, notice and judgment of dismissal on February 22, 1994 requesting appellees to set forth good cause in writing within five days of a hearing scheduled for March 4, 1994 why this case shouldn’t be dismissed for lack of prosecution. The court’s pleading further stated that if no showing of good cause was filed within this specified time, then this action would stand dismissed for lack of prosecution without further order of the court. The Bucelos never filed their response to the court’s order and the action stood dismissed.
On June 29, 1994, appellees filed their “Motion to Reinstate Lawsuit” along with accompanying affidavits from their counsel asserting that he had never received the trial court’s motion, notice and judgment of dismissal. He further explained that the reason for the nonrecord activity was that the parties had been engaged in ongoing settlement negotiations. On July 25, 1994, the trial court entered an order vacating its prior dismissal and granting the Bucelos’ motion to reinstate based upon its findings that their counsel never received the court’s motion, notice and judgment of dismissal. The order further found that the parties’ continuous written and telephonic settlement negotiations constituted sufficient nonrecord activity to preclude dismissal of this action.[1] Allstate brings this appeal from this order.
*1130 We initially note that ordinarily, orders setting aside orders of dismissal for failure to prosecute are nonappealable, non-final orders under Florida Rule of Appellate Procedure 9.130(a)(4). Marsh & McLennan, Inc. v. Aerolineas Nacionales Del Ecuador, 530 So.2d 971 (Fla. 3d DCA 1988). In the instant case, however, we have jurisdiction for this appeal where the trial court’s reinstatement of this action was done pursuant to Florida Rule of Civil Procedure 1.540. Fla. R.App.P. 9.130(a)(5); Waiswilos v. Feacher, 370 So.2d 1250, 1251 (Fla. 4th DCA 1979).
The trial court’s reinstatement of this action based upon its finding that the parties had been engaging in continuous telephonic and written settlement negotiations during the preceding year was error. As Allstate correctly points out, the law is well settled that nonrecord activities such as attempted settlement negotiations do not constitute good cause to preclude a dismissal for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). Appraisal Group, Inc. v. Visual Communications, Inc., 426 So.2d 1155 (Fla. 3d DCA 1983); Carter v. DeCarion, 400 So.2d 521 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 464 (Fla.1982); American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980); Steisel v. Bimholz, 313 So.2d 125 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 14 (Fla.1976); Lindquist v. Williams, 262 So.2d 899 (Fla. 2d DCA 1972). We therefore reverse the order reinstating this lawsuit and remand with instructions to the trial court to enter an order of dismissal.

. The trial court's order setting aside its order of dismissal after the time for rehearing and appeal had expired could only have been done pursuant to Florida Rule of Civil Procedure 1.540(b)(1) *1130 which allows a court to relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. Pruitt v. Brock, 437 So.2d 768, 773 (Fla. 1st DCA 1983) and cases cited therein.