764 So.2d 671 (2000)
Bryan COX, Appellant,
v.
WIOD, INC.; Phil Hendrie; and, Robert Green, Appellees.
No. 4D99-2767.
District Court of Appeal of Florida, Fourth District.
May 17, 2000.
Alan D. Danz of Kronengold & Danz, Weston, and Michael S. Baird of Stotis & Baird, Chartered, Chicago, Illinois, for appellant.
Walter G. Campbell and Kelley B. Gelb of Krupnick, Campbell, Malone, Roselli, Buser, Slama & Hancock, Fort Lauderdale, Norman E. Kent of Norman E. Kent, P.A., Fort Lauderdale, Michael D. Hays, Jonathan D. Hart and Michael Kovaka of Dow, Lohnes & Albertson, PLLC, Washington, D.C., for appellees.
SHAHOOD, J.
Former Miami Dolphins football player, Bryan Cox, filed a three-count complaint against Wiod, Inc., Phil Hendrie and Robert Green for slander, unauthorized publication of name or likeness, and invasion of privacy-false light. Among other things, appellant alleged that various false statements were made about appellant's sexual orientation during Hendrie's radio show.
On October 22, 1997, the trial court granted appellees' motion to appoint a commissioner in the State of Connecticut for the purpose of taking the deposition of ESPN's records custodian for use in their defense in their case against appellant. As a result, litigation ensued in Connecticut between appellees and ESPN over appellees' right to enforce the subpoena duces tecum issued to take the deposition of ESPN's records custodian and to obtain discovery materials. Ultimately, after protracted litigation, the Connecticut court denied appellees' request to take the out-of-state deposition.
On June 4, 1999, appellees filed their motion to dismiss for lack of prosecution. In response, appellant claimed that there was sufficient nonrecord activity which established good cause to preclude dismissal. As proof of good cause, appellant claimed that the parties engaged in significant activity within the previous sixteen months which moved the case to a resolution on its merits, including ongoing dialogue regarding outstanding discovery disputes and ancillary proceedings in Connecticut and other jurisdictions. In support thereof, appellant submitted a notice of filing record activity of out-of-state pleadings in connection with the Connecticut litigation between appellees and ESPN.
After hearing argument on appellees' motion, the trial court concluded that there had been no record activity in the case for one year and that there was insufficient nonrecord activity to preclude dismissal. The last record activity in the file was dated June 3, 1998. The trial court held that correspondence with opposing counsel regarding discovery issues within the preceding year and ancillary proceedings in other jurisdictions were insufficient good cause.
The court held that the Connecticut proceeding initiated by appellees in November 1997 to obtain a subpoena duces tecum for an out-of-state witness for use in their defense of the present action was clearly pending within one year of the last record activity in the case, but that the pendency of that action was not a compelling reason for lack of record activity. We disagree.
Where there is no record activity, nonrecord activity may be used to establish "good cause" why a case should not be dismissed, even though nothing has been filed of record for a one-year period. See Weaver v. Center Business, 578 So.2d 427, 429 (Fla. 5th DCA), review dismissed, 582 *672 So.2d 624 (Fla.1991). For a party to establish good cause, it must show a compelling reason to avoid dismissal where there has been no record activity. See Norflor Constr. Corp. v. City of Gainesville, 512 So.2d 266, 268 (Fla. 1st DCA 1987), review denied, 520 So.2d 585 (Fla.1988).
It is well settled that the pendency of another related action provides justification for apparent non-activity, precluding dismissal for failure to prosecute under rule 1.420(e), Florida Rules of Civil Procedure. See Insua v. Chantres, 665 So.2d 288, 289 (Fla. 3d DCA 1995). In order to show good cause as to why the action should remain pending when the record is devoid of activity within the preceding year, a party must show that he is justifiably prevented from proceeding with the lawsuit because of another pending action or that some action taken by the opposing party misled him about the necessity to continue prosecuting the case, creating an equitable estoppel situation. See Smith v. DeLoach, 556 So.2d 786, 789 (Fla. 2d DCA), review denied, 564 So.2d 1087 (Fla. 1990).
We hold that appellees' actions by engaging in protracted litigation in Connecticut for the sole purpose of taking the deposition of an out-of-state witness and to obtain further discovery materials necessary for their use in their defense in this case justifiably prevented appellant from proceeding with his case. Although appellant could have arguably announced his readiness for trial, any attempt to proceed with the prosecution of the litigation would have been futile in light of appellees' pending ancillary proceeding directly relating to this case.
Accordingly, we reverse and remand with directions to reinstate appellant's cause of action.
REVERSED AND REMANDED.
STONE and FARMER, JJ., concur.