765 So.2d 983 (2000)
Devaughn C. SMITH, Appellant,
v.
BUFFALO'S ORIGINAL WINGS & RINGS II OF TALLAHASSEE, INC., Appellee.
No. 1D99-2914.
District Court of Appeal of Florida, First District.
September 8, 2000.
D. Carlton Enfinger, Tallahassee, for Appellant.
Alan R. Horky of Fuller, Johnson & Farrell, P.A., Pensacola, for Appellee.
PER CURIAM.
DeVaughn C. Smith appeals a final order dismissing her complaint for failure to prosecute pursuant to rule 1.420(e), Florida Rules of Civil Procedure. Although Smith concedes that there had been no activity of any type in the action for more than one year prior to the filing *984 of the motion to dismiss, she contends that her health problems constitute good cause to avoid dismissal. Certainly, an illness or physical disability of a plaintiff, or the plaintiffs attorney, can constitute good cause under rule 1.420(e). See Lenion v. Calohan, 652 So.2d 461 (Fla. 1st DCA 1995). Nevertheless, a showing of good cause by evidence of record is required, not simply argument or unsworn allegations. See Levine v. Kaplan, 687 So.2d 863, 865 (Fla. 5th DCA), rev. denied, 697 So.2d 511 (Fla.1997)("Good cause is excusable conduct other than negligence or inattention to deadlines. It has been defined by our courts as proof of some compelling reason why the suit was not prosecuted.")(emphasis added); Cox v. Wiod, Inc., 764 So.2d 671 (Fla. 4th DCA 2000)("For a party to establish good cause, it must show a compelling reason to avoid dismissal where there has been no record activity")(emphasis added), citing Norflor Constr. Corp. v. City of Gainesville, 512 So.2d 266, 268 (Fla. 1st DCA 1987), rev. denied, 520 So.2d 585 (Fla.1988). Here, appellant filed only an unverified pleading entitled an "Objection to Defendant's Motion to Dismiss," in which she alleged that she suffers from epilepsy and "acute fibromyasia [sic]" and, as a result, "has not been able to actively participate in the discovery process." Without further explanation, the objection asserts that "[g]iven the Plaintiff's medical condition, there has been no opportunity to prosecute the case...." The appellant's objection is not supported by affidavits, supporting medical records or other documentation, and the record contains no transcript of the hearing on the motion to dismiss and appellant's objection thereto. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). The unsupported allegations in the objection, by themselves, are not sufficient to avoid dismissal under rule 1.420(e). See Levine, Cox. Accordingly, an abuse of the trial court's discretion has not been shown, see Edgecumbe v. American Gen. Corp., 613 So.2d 123, 124-125 (Fla. 1st DCA 1993), and we affirm.
AFFIRMED.
JOANOS, LAWRENCE AND VAN NORTWICK, JJ., CONCUR.