804 So.2d 605 (2002)
CAPE ROYAL REALTY, INC., Appellant,
v.
Kathleen J. KROLL, Appellee.
No. 5D01-732.
District Court of Appeal of Florida, Fifth District.
January 18, 2002.
Marybeth McDonald of McDonald & Rodgers, P.A., Orlando and Elizabeth C. *606 Wheeler of Wheeler & Wilkinson, LLP, Orlando, for Appellant.
Charles R. Stack and Michael W. Dwyer of Hugh, Stack, Palahach & Cruanes, Melbourne, for Appellee.
LAMBERT, BRIAN D., Associate Judge.
The issue on appeal is whether this court has jurisdiction to review a non-final order granting Kathleen J. Kroll's motion to set aside the final order of dismissal entered for lack of prosecution.
More than a year after the last record activity in this case, Cape Royal Realty, Inc., as the defendant below in this negligence action, filed a motion to dismiss for lack of prosecution. Fla. R. Civ. P. 1.420(e). On January 18, 2001, the trial court held a hearing on the matter and subsequently entered its final order dismissing Kroll's case for failure to prosecute.
Kroll then retained counsel who, seven days later, on January 25, 2001, filed a notice of appearance as well as a motion to set aside the order of dismissal for lack of prosecution. The trial court entered a new order setting aside its final order of dismissal after a hearing was held on the matter. This subsequent order is the subject of this appeal.
A denial of a motion to dismiss for lack of prosecution is a non-appealable non-final order. See Bowl America Florida, Inc. v. Schmidt, 386 So.2d 1203 (Fla. 5th DCA 1980); Southwinds Riding Academy v. Schneider, 507 So.2d 782 (Fla. 3d DCA 1987). Similarly, an order setting aside an order of dismissal for failure to prosecute is also a non-appealable, non-final order under Florida Rule of Appellate Procedure 9.130(a)(4). See Universal Casualty Insurance Co. v. Rodriguez, 548 So.2d 674 (Fla. 3d DCA 1989); Marsh & McLennan, Inc. v. Aerolineas Nacionales Del Ecuador, 530 So.2d 971 (Fla. 3d DCA 1988). Defendant asserts that this court has jurisdiction pursuant to Rule 9.130(a)(5), Florida Rules of Appellate Procedure because the trial court's reinstatement of the action was done pursuant to Florida Rules of Civil Procedure 1.540. See Allstate Insurance Co. v. Bucelo, 650 So.2d 1128 (Fla. 3d DCA 1995). In response, Kroll asserts that her motion was, in essence, a Rule 1.530 motion for rehearing, and that this court lacks jurisdiction to review the order on appeal.
We find that Kroll's motion to set aside the order of dismissal for lack of prosecution, though not designated by her as either a Rule 1.530 motion for rehearing or a Rule 1.540 motion for relief from judgment, due to mistake, inadvertence, surprise or excusable neglect, having been filed within seven days of the final order of dismissal, was intended to operate as a Rule 1.530 motion for rehearing. Upon the timely filing of a petition for rehearing (as was done in the instant case), the rendition of the final order is suspended and the trial court has the power and authority to completely alter or change its final judgment or order. E.g., Pruitt v. Brock, 437 So.2d 768 (Fla. 1st DCA 1983); Fugazy Travel Bureau, Inc. v. State By Dickinson, 188 So.2d 842, 844 (Fla. 4th DCA 1966); see also St. Cloud Utilities v. Moore, 410 So.2d 973, 974 n. 3 (Fla. 5th DCA 1982). A Rule 1.540 motion is a request by a party to provide relief after the trial court has lost jurisdiction over a case. In this case, Kroll's motion was filed while the trial court still had jurisdiction to completely change its final order of dismissal. Cf. Allstate Insurance Co. v. Bucelo, supra, (motion to reinstate lawsuit filed 117 days after dismissal for lack of prosecution treated as a Rule 1.540 motion).
*607 Kroll's motion to set aside the order of dismissal for lack of prosecution was, procedurally, a timely filed motion for rehearing. Therefore, the order on appeal, which effectively reinstated the action, is analogous to the trial court having initially denied the motion to dismiss for lack of prosecution. We agree with our sister court that it would be anomalous if we were to allow this appeal simply because the decision to deny the motion to dismiss was made after rehearing when an appeal following an initial denial of the motion to dismiss for lack of prosecution would not be allowed. Marsh & McLennan, Inc. v. Aerolineas Nacionales Del Ecuador, 530 So.2d at 973. Therefore, we dismiss this appeal for lack of jurisdiction.
APPEAL DISMISSED.
SHARP, W., J., concurs.
HARRIS, J., dissents with opinion.
HARRIS, J., dissenting.
I respectfully disagree that a motion under rule 1.540 cannot be filed within 10 days of the challenged judgment. A motion for rehearing under rule 1.530, Florida Rules of Civil Procedure, must be filed within ten days from the filing of the judgment. A motion for relief from judgment under rule 1.540, Florida Rules of Civil Procedure, may be brought "within a reasonable time" not to exceed one year from the date of the judgment. Thus, a motion filed within ten days of the filing of a judgment may be either a motion for rehearing or a motion for relief from judgment depending on the nature of the request.
The nature of the motion filed herein, whether it is a request for a rehearing or a request for relief from judgment, is critical in resolving the dispute before us. The denial of a motion for rehearing, as indicated by the majority, is an unappealable order whereas a motion granting relief under rule 1.540 is appealable. The majority has found that the motion filed herein, because it was filed within 10 days of the contested judgment, is a motion for rehearing and therefore has dismissed the appeal, leaving the argument on the merits for a later date. I construe the motion as one seeking relief from a judgment dismissing the action for failure to prosecute which, although properly entered because plaintiff failed to show good cause at least five days before the hearing as to why the action was so long ignored, should be set aside. The court should ignore the fiveday requirement because of exceptional circumstances. Therefore, I find, consistent with the position of both the plaintiff and the defendant herein, that this case is ripe for a ruling on the merits.
The reasons that compel me to conclude that the motion under review was not a motion for rehearing but rather a motion for relief from judgment are:
1. The motion is entitled "Motion to Set Aside Order of Dismissal." Although the title of the motion is not dispositive, its purpose is. The purpose of a motion for rehearing is to give the trial court an opportunity to consider matters which it overlooked or failed to consider or to correct any error if it becomes convinced that it erred. See Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386 (Fla. 3d DCA 1986). By its terms, this motion seeks relief from the consequences of the order of dismissal because of inadequate representation and does not allege that the court erred in any respect or overlooked anything in its previous ruling. The grounds given were: (a) plaintiff had counsel[1] which she supposed was vigorously *608 representing her, (b)when she learned of that counsel's death she immediately obtained substitute counsel who agreed to represent her, but (c) that lawyer failed to notify her or the court that he would not attend the hearing on the motion to dismiss because of a conflict in his schedule, and (d) that she could not anticipate the death of her counsel (who in any event had not filed a notice of appearance and who had himself filed no papers in the case for over a year) nor could she anticipate that her substitute attorney (also not of record) would not attend the hearing (or even file a response to the motion to dismiss).
2. A motion simply for a rehearing without first avoiding the consequence of failing to meet the five-day rule requirement would have been useless because the trial court has no discretion if the rule is applicable and is not met. Because there was an inadequate basis for not applying the rule at the initial hearing, the court did not err in granting the dismissal. The supreme court has told us that the requirement to file a response showing good cause at least five days before the hearing on the motion to dismiss mandates dismissal. See Metropolitan Dade County v. Hall, 784 So.2d 1087 (Fla.2001). Plaintiff admits that no such response was filed. The trial court which is mandated to enforce this five-day requirement at the initial hearing on the motion to dismiss must also apply it on a motion for rehearing unless plaintiff shows a basis for waiving the rule. The vehicle to be excused from not filing the written justification at least five days before the hearing is rule 1.540 and not rule 1.530. Thus, plaintiffs burden after the dismissal was not, at least in the first instance, to show that good cause existed for failing to prosecute (it was now too late for that) but to show a legitimate reason why the five-day filing requirement should be waived as to her and then, after the court first determined that she should be excused from the five-day filing rule, to proceed with her showing of good cause for failing to prosecute. It would be after she showed a good reason for not meeting the rule's requirement and the court relieved her from the judgment and put her "back into court" that the court should let her proceed to show good cause why the matter was not properly prosecuted in the first place.
I agree that plaintiff met her burden under rule 1.540 to gain relief from her failure to timely file the required response because of the difficulty with or confusion about her representation at the time of the hearing on the motion to dismiss. Therefore, she should have been, and she was, given another opportunity to show good cause for the extended delay in prosecuting her case. However, the court erred in setting aside the dismissal because, even after being given a second opportunity, plaintiff failed to present any evidence as to why the case was not prosecuted for over a year. It is her position on appeal that it does not matter why counsel filed nothing within the year of inactivity while he was living, it was only important that he died before the motion to dismiss was filed and therefore might have filed something in time to prevent the dismissal had he lived. We should, her counsel insists, give the attorney the benefit of the doubt and assume that he would have filed something had he not died.
A similar position was rejected by the court in Lenion v. Calohan, 652 So.2d 461, 462 (Fla. 1st DCA 1995), which held "[c]ounsel's falling ill on the 364th day *609 does not constitute good cause." Lenion cited Grossman v. Segal, 270 So.2d 746, 747 (Fla. 3d DCA 1972), which held:
The one year period established in RCP 1.420(e) is liberal enough to contemplate a misfortune such as illness because the litigants have sufficient time to readjust themselves to this type of calamity (citation omitted) and a temporary illness will not work an extreme hardship that would satisfy the good cause requirement of RCP 1.420(e). In the instant case, plaintiffs attorney was only temporarily ill and the affliction did not begin until the day before the one year period expired....
In the case before us, there was no showing that counsel was unable to practice because of illness at any time during the year of inactivity. Did counsel die of a sudden heart attack? Was he run over by a car? Was there any connection between his death which occurred after a year of inactivity had run on his watch and his failure to prosecute the case within that year? Would counsel, had he lived, suddenly have found sufficient interest in the case to file something? In other words, was the attorney's ill health the reason for the extended inactivity or was his death merely a coincidence?
Certainly, an illness or death can constitute good cause under rule 1.420(e). Nevertheless, a showing of good cause by evidence of record is required. See Smith v. Buffalo's Original Wings & Rings II of Tallahassee, Inc., 765 So.2d 983 (Fla. 1st DCA 2000). The issue before the court at the initial hearing on the motion to dismiss was why the action had not been diligently prosecuted. The response that the lawyer had recently died was not an acceptable answer unless it was also shown that illhealth before his death caused the delay. This same issue remained after the court properly permitted plaintiff to belatedly "show good cause." Unfortunately, plaintiff failed to even address the critical issue,[2] instead relying on the position that even though the attorney had died after the year had run, since there remained time after his death and before the motion to dismiss was filed we should assume that he would have filed something to keep the case alive.
I reject that assumption and I would reverse.
NOTES
[1] This was not plaintiff's original counsel. The attorney who filed the complaint was permitted to withdraw shortly before the matter was originally set for trial. Plaintiff then obtained a new lawyer who undertook to represent her but who for some reason failed even to file a notice of appearance.
[2] The initial hearing on the motion to dismiss for failure to prosecute focused on whether there was "good cause" as to why the case had been inactive for over a year. The burden was on plaintiff to show good cause. Even though plaintiff told the judge at the hearing on the motion to dismiss that her lawyer had died (we are now told in the emergency room), she did not indicate why during the year that he had the case prior to his death he had failed to file even a notice of appearance. While an attorney's proven ongoing ill-health might justify good cause for inactivity, the sudden death of an attorney who was simply uninterested in the case does not. It was her burden, unmet by this record, to prove the connection between the prolonged inactivity and her attorney's ill health, if in fact he was in ill health before his death.