963 So.2d 842 (2007)
Wynelle L. SEBREE, Appellant,
v.
SCHANTZ, SCHATZMAN, AARONSON & PERLMAN, Appellee.
No. 3D04-2523.
District Court of Appeal of Florida, Third District.
August 8, 2007.
*843 Gregg J. Ormond, Coral Gables, for appellant.
Adorno & Yoss, and Jack R. Reiter and Natalie J. Carlos, Miami, for appellee.
Before GREEN, RAMIREZ, and SHEPHERD, JJ.
SHEPHERD, J.
Wynelle L. Sebree appeals a final summary judgment and amended final summary judgment rendered on May 25, 2004, and September 14, 2004, respectively, which award the now defunct law firm of Schantz, Schatzman, Aaronson & Perlman, P.A. $33,500, plus interest, for unpaid attorney fees. Sebree seeks to redeem herself from the force of the judgment on the ground that the trial court interlocutorily erred by denying an earlier-filed motion to dismiss the action for failure to prosecute. We agree that the trial court erred in denying this motion and accordingly reverse the final summary judgments on appeal with directions that the complaint in this case be dismissed without prejudice. A brief summary of the factual and procedural background is necessary to our decision.

FACTUAL AND PROCEDURAL BACKGROUND
The record reflects that Schantz, Schatzman filed suit against its former client, Wynelle Sebree, for attorney fees claimed to be due and owing on March 28, 1998. The law firm was self-represented by Martin Pico, Esq., an associate of the firm. On November 24, 1998, the law firm obtained a default final judgment for the full amount of the sum claimed. This judgment was recorded on December 6, 1998.
During the next several months, the law firm located and garnished the funds in two of Sebree's personal bank accounts. Sebree responded with a motion to set aside the default final judgment on the ground of insufficiency of service of process. Apparently recognizing procedural error, the law firm, on March 26, 1999, joined Sebree in an "Agreed Order for Disgorgement of Garnished Funds, Dissolving Writs of Garnishment, Setting Aside Final Judgment and Default, and Quashing Service of Process." For reasons not apparent from the record, one of the banks was ordered to pay Schantz, *844 Schatzman $1,500 from the garnished funds. Although the case number on the Agreed Order is the same as that on the default final judgment, and the Agreed Order states "the judgment and default are vacated and set aside," there is no further identification of the default final judgment either by date or book and page recording information.
After entry of the Agreed Order, proper service was achieved on Sebree and from April 14, 1999, through August 12, 1999, the parties litigated the reconstituted case. Sebree filed an answer to the complaint and a legal malpractice counterclaim. Schantz, Schatzman, still self-represented by attorney Pico, responded with a reply and avoidance of affirmative defenses, a motion for enlargement of time, a motion to dismiss counterclaim, and a notice of taking deposition of Michelle Sebree. The signature block on each of the law firm filings reads as follows:
 Respectfully submitted,
 SCHANTZ, SCHATZMAN, AARONSON
 & PERLMAN, P.A.
 Attorneys for SSA & P, P.A.
Suite 1050  First Union Financial Center
 200 South Biscayne Boulevard
 Miami, Florida XXXXX-XXXX
 Telephone: (305) 371-3100
 By: _____________________
 MARTIN PICO, ESQUIRE
 Florida Bar No. 0092002
The last evidence of record activity during this time period is a nineteen-day Notice of Unavailability filed by counsel for Sebree on August 12. Forty-five days later, Schantz, Schatzman ceased doing business and merged its practice with another local law firm. Pico did not join the migration, but went his own way. For the next three and a half years, there was no filing of record in this case on behalf of either Schantz, Schatzman or Sebree. At some point, the trial court docket apparently began showing the case as closed.
Purportedly prompted by a call from a title company for a pay-off figure on the default final judgment, Schantz, Schatzman sought to locate both its litigation file and the court file in February of 2003. Neither could be found.[1] However, the law firm was able to obtain a copy of the default final judgment from the public record and initiated non-record collection activity with the Office of the Miami-Dade County Sheriff.[2] Somehow apprised, Sebree countered on April 3, 2003, with the first filing in the trial court since August 12, 1999, a Motion to Dismiss pursuant to Florida Rule of Civil Procedure 1.420(e). After affording the partiesnow represented *845 by new counsela full hearing, the trial judge denied the motion to dismiss on June 16, 2003, based upon what the trial court considered to be "the very unusual set of facts and circumstances of this case." The judgments on appeal followed. The validity of those judgments rises or falls on the validity of this interlocutory order. We apply an abuse of discretion standard to our review of this order. See Metropolitan Dade County v. Hall, 784 So.2d 1087, 1090 n. 4 (Fla.2001); Lang v. Mason 911 So.2d 167, 169 (Fla. 2d DCA 2005).

ANALYSIS
Florida Rule of Civil Procedure 1.420(e), as it existed at the time of the ruling by the trial court below, read:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Fla. R. Civ. P. 1.420(e) (2002).[3]
The law construing the rule as it then existed mandated a two-step process:
First, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed.
Del Duca v. Anthony, 587 So.2d 1306, 1308-09 (Fla.1991).
Discussing this two-step process, the Florida Supreme Court has made clear that the first step of the analysis favors the plaintiff. Wilson v. Salamon, 923 So.2d 363, 368 ("establish[ing] a bright-line test . . . [t]here is either activity on the record or there is not"); Diamond Drywall *846 Sys., Inc. v. Mashan Contractors, Inc., 943 So.2d 267, 269 (Fla. 3d DCA 2006)("Wilson has uniformly been interpreted to mean that any document appearing in the record within one year prior to the filing of a motion to dismiss precludes the entry of dismissal for failure to prosecute."). Schantz, Schatzman concedes that it has no argument under the first step of the analysis. Instead, Schantz, Schatzman seeks refuge in the second "good cause" step.
On the second step, the burden moves to the plaintiff to demonstrate "good cause" within the meaning of Florida Rule of Civil Procedure 1.420(e), Patton v. Kera Tech., Inc., 946 So.2d 983, 986 (Fla.2006)("The second step of the analysis places the burden on the non-moving party to demonstrate why the case should remain pending."). Our high court has made clear that the burden on the plaintiff at this juncture is indisputably "high". Wilson, 923 So.2d at 367 n. 2 ("During the second step, however, the analysis favors the defendant, and the plaintiff has a `high' burden to establish good cause."). See also Cox v. Wiod, Inc., 764 So.2d 671 (Fla. 4th DCA 2000)("For a party to establish good cause, it must show a compelling reason to avoid dismissal where there has been no record activity.")(emphasis added). On this step, the law firm makes two arguments: (1) Pico did not advise the firm of the fact that the default final judgment had been vacated; and (2) the law firm was "misled" by the apparent fact that the trial court computerized docket showed the case "closed" at the time it received the call from the title company that disturbed its long prosecutorial slumber. As we understand Schantz, Schatzman's second argument, it asserts that if the trial court docket had not indicated that the case was "closed," the law firm somehow would have been prompted to "do more," i.e., it may have located the stray Agreed Order for Disgorgement of Garnished Funds, Dissolving Writs of Garnishment, Setting Aside Final Judgment and Default, and Quashing Service of Process, and would have taken some action in the trial court to advance the case before Sebree sought to dismiss the action for lack of prosecution. In making this latter argument, the law firm places its primary reliance upon Chandler v. Fla. Farm Bureau, 546 So.2d 1179 (Fla. 4th DCA 1989). We find that the law firm is not saved by either of these arguments.
With respect to the first assertion made by Schantz, Schatzman, the entirety of the support for the assertion is found in Schantz, Schatzman's unsworn Response in Opposition to Defendant's Motion to Dismiss, timely filed five days before the hearing as required by the rule, and argument of counsel. Because of the high burden placed on the plaintiff on this step, it necessarily follows that unsworn allegations or argument of counsel, standing alone, will not satisfy the plaintiff's burden on a second-step analysis. Smith v. Buffalo's Original Wings & Rings II of Tallahassee, Inc., 765 So.2d 983, 984 (Fla. 1st DCA 2000)("[E]vidence of record is required, not simply argument or unsworn allegations."). See also Lazcar Int'l, Inc. v. Caraballo, 957 So.2d 1191, 1192 (Fla. 3d DCA 2007)("Unsworn argument of counsel is insufficient to satisfy the due diligence requirement of a motion to vacate a default final judgment."); State v. Bauman, 425 So.2d 32, 35 n. 3 (Fla. 4th DCA 1982)("Facts are established by testimony, affidavits and stipulations. It is of no moment in establishing facts that attorneys are `officers of the court' as we so often read when an unsworn representation is made.").
However, even if we accept the unsworn assertions as true, they are insufficient *847 to sustain the "good cause" prong of Florida Rule of Civil Procedure 1.420(e) because the law firm essentially was proceeding pro se, and in any event it is charged as a litigant with all of the knowledge its counsel, Pico, had during 1999, when the default final judgment was vacated. See Andrew H. Boros, P.A. v. Arnold P. Carter, M.D., P.A., 537 So.2d 1134, 1135 (Fla. 3d DCA 1989)("Generally, an attorney serves as agent for his client; the attorney's acts are the acts of the principal, the client."). See also Ruotal Corp., N.W. v. Ottati, 391 So.2d 308, 309 (Fla. 4th DCA 1980)("It is axiomatic that knowledge of the agent constitutes knowledge of the principal as long as the agent received such knowledge while acting within the scope of his authority."). This is all the more true in this case given that the law firm appears not to seriously contest it received $1,500 at the time the Agreed Order was entered.
The law firm's second argument in support of "good cause" in reliance upon Chandler also fails. On this argument, the firm urges that the apparent fact the court file was erroneously shown as being closed excuses its failure to immediately file something of record to preclude dismissal. However, the facts of this case are distinguishable from Chandler. In Chandler, substitute counsel failed to initiate any record activity for more than one year on an otherwise trial-ready suit on the strength of a communication he had with the office of the clerk of court during that period, where he was affirmatively misadvised concerning the pendency of the notice. Based upon this misadvice, substitute counsel took no action, but simply awaited a trial date in reliance upon his reasonable belief that he had taken all steps he could to prosecute the case to a conclusion. If we were to apply the reasoning of Chandler to this case, we would be required to make three additional inferences: (1) that if the docket reflected the case was not closed, Schantz, Schatzman somehow would have taken some additional steps, during the course of which it would have happened across the stray Agreed Order; (2) that upon discovering the Agreed Order, the law firm would have contemplated taking preventive action to assure that the case could not be dismissed for lack of prosecution; and (3) that it in fact would have taken such action. There is no record support for such inferences to be drawn, and we decline to engage in such speculation to save the law firm.
In our view, this is a garden variety case of litigant negligence and inattention to its affairs. It is apodictic that neither litigant negligence nor inattention to deadlines constitutes "good cause" within the meaning of Florida Rule of Civil Procedure 1.420(e). Levine v. Kaplan, 687 So.2d 863, 865 (Fla. 5th DCA 1997)("Good cause is inexcusable conduct other than negligence or inattention to deadlines. It has been defined by our courts as proof of some compelling reason why the suit was not prosecuted.")(emphasis added), disapproved on other grounds, Hall, 784 So.2d at 1091. Houswerth v. Sheriff's Dept., 567 So.2d 476, 476-77 (Fla. 5th DCA 1990)("Appellant's ignorance of the duty to prosecute [a] case and the means to do so do not constitute `good cause' to avoid dismissal."). See also Freeman v. Toney, 608 So.2d 863, 863 (Fla. 4th DCA 1992)("[A] change of attorneys is not good cause, nor are claims that counsel changed offices, suffered secretarial changes and simply overlooked the case."); Paedae v. Voltaggio, 472 So.2d 768, 769 (Fla. 1st DCA 1985)("Neither office errors nor inadvertence, nor lack of cooperation by a plaintiff have been held to constitute good cause."); Industrial Trucks of Fla., Inc. v. Gonzalez, 351 So.2d 744, 747 (Fla. 3d DCA *848 1977)("Mere inadvertence or misrepresentations and erroneous assumptions of plaintiffs counsel in not prosecuting a cause for a period of one year does not constitute good cause why the action should remain pending"); Conklin v. Boyd, 189 So.2d 401, 404 (Fla. 1st DCA 1966)("A party cannot be excused for failing to prosecute his cause of action as required by the spirit and intent of the law merely because his attorney failed to file necessary pleadings or take such action as was necessary to constitute affirmative steps in the prosecution of the case. If the failure of counsel to properly discharge the duties owed to him by his client results in damage or loss of the cause of action sued upon, the injured party may seek recourse against his attorney, but such eventuality should not work to the unjust prejudice of the opposing party.") In this case, since Schantz, Schatzman represented itself, it has no one else to blame.
For these reasons, we reverse the final summary judgment and amended final summary judgment on appeal and remand this case with directions that the complaint be dismissed without prejudice.
NOTES
[1] The record on appeal reflects a Certificate of the Office of the Clerk of the Circuit Court indicating that except for the progress docket, see Fla. R. Jud. Admin. 2.430(e)(1)(2002), the trial court file was destroyed sometime after August 12, 1999, "in accordance with the Florida Statutes, Chapter 119 and Rule 2.075(sic) Judicial Administration." But see § 119.031, Fla. Stat. (2002)(requiring records to be destroyed when they are "no longer needed"); Fla. R. Jud. Admin. 2.430(c)(2002)(permitting destruction of court records "after a judgment has become final"). Copies of some pre-destruction period trial court filings were located by the parties after the commencement of this appeal and the record here supplemented.
[2] As previously suggested, the searchability of the Agreed Order was hampered by lack of identifying information in the body of the order. See supra p. 2. Thus, Schantz, Schatzman did not find the Agreed Order when it searched the public record. We glean from the record in this case that the title company found the Agreed Order but was uncomfortable relying upon it for title purposes because it insufficiently referenced the default final judgment. The title company did not communicate this detail to Schantz, Schatzman.
[3] We note in passing that Florida Rule of Civil Procedure 1.420(e) was amended to read:

(e) Failure to Prosecute. In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing, at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Fla. R. Civ. P. 1.420(e)(2006); In re Amendments to the Fla. Rules of Civil Procedure (Two Year Cycle), 917 So.2d 176 (Fla.2005). The subsequent change is legally irrelevant for our purposes. We apply the rule in effect at the time of the motion. See Patton v. Kera Tech. Inc., 946 So.2d 983 (Fla.2006)(reviewing dismissal of action under former Rule 1.420(e) after January 1, 2006); Miami-Dade County v. Walker, 948 So.2d 68 (Fla. 3d DCA 2007)(reviewing an order denying a motion to dismiss action under former Rule 1.420(e) after January 1, 2006).