BARFIELD, Judge.
Penny McLemore appeals from an order granting Klenton T. McLemore’s amended motion for rehearing. We reverse.
Judge Bower entered final judgment in the parties’ dissolution of marriage proceeding on March 17, 1985, and thereafter withdrew from further proceedings. Judge Costello was subsequently assigned to the case and ruled on Mr. McLemore’s amended motion for rehearing. Judge Costello’s order granting the rehearing was appealed to this court. No other ruling has been appealed.
The appellee asserted three bases for granting rehearing, all of which were questionably proper for consideration by the judge who first heard the case and not proper for a successor trial judge to consider. The first contention in the amended motion was that the husband had no ability to pay the exorbitant amount of lump-sum alimony. The second contention was that the husband did not have the ability to pay the exorbitant amount of periodic alimony and child support and that the wife was young and healthy and could support herself. The third contention was that the judgment failed to recognize the husband’s special equity in selected properties resulting from his extraordinary contributions. These assertions generally reargue the case but collectively may assert that the rulings were not supported by competent substantial evidence. It is arguable that this issue may be asserted in a motion for rehearing by reason of the language of Florida Rules of Civil Procedure 1.530(e),[1] but the issue cannot be submitted to a trial judge who did not try the case. A successor trial judge, under proper circumstances, may rule upon a matter overlooked or omitted by the predecessor judge, but may not correct errors committed by the predecessor, Groover v. Walker, 88 So.2d 312 (Fla.1956).
The order granting a rehearing held that there was no substantial competent evidence to support the judgment, the judgment left the husband with insufficient assets from which to pay alimony, the judgment was “not supported by the law,” and there was no way to correct the judgment. The function undertaken by Judge Costello was properly left to appellate review. In the language of the Supreme Court in Gro-over at p. 313:
The Court is committed to the general proposition that a successor judge may not correct errors of law committed by his predecessor and hence he cannot review and reverse on the merits and on the same facts the final orders and decrees of his predecessor.
There being no other issue properly presented to this court for review, the order granting rehearing is REVERSED with directions that the final judgment be reinstated, and the parties may proceed in accordance with the applicable rules of appellate procedure.
SHIVERS and NIMMONS, JJ., concur.

. See discussion in Trawick, Fla.Prac. and Proc., § 26-1.