PER CURIAM.
This is the second appeal arising out of the trial court’s deficient judgments in this dissolution action. We affirm in part, reverse in part and remand.
In Donsky-Levine v. Levine, 658 So.2d 1023 (Fla. 4th DCA 1995), we recited a litany of deficiencies in the trial court’s original final judgment, which deficiencies made informed review impractical on several issues. The same problem exists in the second appeal because of the court’s contradictory findings on the appreciation value of husband’s business and the lack of adequate findings as to the valuations of the parties’ respective businesses.
In paragraph seven of the trial court’s second amended final judgment, which was entered upon remand from the first appeal, the court specifically found that the appreciation value of husband’s business during the duration of the marriage was $88,000. However, the court then went on to recite in paragraph twenty-four that one of the experts had testified that husband’s business had appreciated $200,000 during the time frame when the parties were married. Thereafter, in paragraph twenty-five, the court specifically found that husband’s business had decreased in value.
On remand, the trial court is to clarify its findings as to the appreciation value of husband’s business during the duration of the marriage, and reference the expert testimony upon which its valuation relies. It is further directed to clearly set forth its valuations on the businesses of the respective parties, and the evidence relied upon in valuing the businesses.
In light of the clarified findings which the trial court is to make, it is further directed to review and, if warranted, modify its rulings, particularly those on equitable distribution and alimony as set forth in paragraphs six, seven and twenty-seven of the second amended final judgment.
Prior to this appeal, the wife was represented by an attorney. We further conclude that she was entitled to 100% of her attorney’s fees and reverse the award of only partial fees to her.
We affirm as to all other issues raised.
GLICKSTEIN, DELL and PARIENTE, JJ., concur.