W. SHARP, Judge.
Timothy Duffy appeals from an amended final judgment of dissolution. He challenges the trial court’s award of permanent alimony to Tara Duffy, the former wife. Issues relating to distribution of marital property, and child support for the parties’ son (now emancipated) were either settled by the parties by stipulation, or were not appealed. Because the findings in the amended final judgment are contradictory, and not as complete as they should be as set forth in Section 61.08(1), relating to the award of permanent alimony, we reverse on that ground alone and remand for further proceedings.
This case was made more difficult for the judges and attorneys involved because Tara Duffy represented herself at trial and on appeal. After the first set of hearings, held on September 11 and 12, 1997, the trial court entered a final judgment that denied the former wife permanent alimony. In paragraph 9, the court found:
The wife testified that she is physically disabled and unable to work however the Court found said testimony to be unsubstantiated. No evidence of any physical disability which impairs the wife from securing employment was presented during the trial.
And in Paragraph 11, the court found:
Regarding permanent alimony, the Court finds that there is no evidence of any physical disability which limits or other wise restricts the Wife from attaining full time employment and find that the duration of the marriage, i.e., nine years and six months not sufficient under current Florida law to establish an entitlement to permanent alimony.
The former wife filed a motion for rehearing asserting that she was in fact disabled and unable to work, and that she could prove that circumstance. The former husband also moved for rehearing on matters relating to child support. The trial court granted rehearing and scheduled an additional eviden-tiary hearing for September 11,1997.
At that hearing, the former wife presented Dr. Brooks, a physician who had treated her for the prior two years. All of his medical records were placed in evidence. He testified that the former wife had been in an automobile accident in 1993, and after two years of seeking relief from what she thought was a “body sprain,” she came to see him. He described a host of physical problems the former wife had acquired as a result of the accident, as well as conditions that had been made worse by the accident. He gave her a 14% impairment rating because of the accident. He also stated he thought she was *392 disabled and would not be a good employment risk for an employer. He noted the condition of her hands — she had lost fine motor coordination, her mental capacity which did not permit her to handle stress with individuals, and her anxiety and depression.
The former wife also testified about her disabilities. After the accident, she said she could not pursue her desired career as a jewelry designer-maker, because of the injuries and weaknesses of her hands. She said she often drops things, and falls. She had to take strong narcotics to control her chronic pain. She testified she did not think she was employable.
The former husband presented medical testimony of Dr. Cappleman, who had treated the former wife for eight years, as her internist GP. He testified that, in his opinion, he did not think the former wife was disabled, based on the disease he treated her for — fibromyalgia—which causes chronic pain. But he admitted he did not treat her for injuries resulting from the auto accident. If those treating physicians thought she was disabled because of the accident, he said he would defer to them.
After this evidentiary hearing the trial court rendered an Amended Final Judgment. This judgment retained paragraph 9 quoted above, finding that the wife’s testimony that she was physically disabled and unable to work to be “unsubstantiated,” and that there was no evidence presented at the trial of any physical disability which impairs the wife from securing employment. However, paragraph 11 was changed as follows:
Based upon the evidence, oral testimony, and the Exhibits offered at the rehearing on Sept 10, 1997, this Court finds that Petitioner/Former Wife, Tara C. Duffy, is in fact disabled and is entitled to periodic alimony based upon her disability notwithstanding the length of marriage. This Court finds that $1,200.00 per month as permanent, periodic alimony to commence effective October 1,1997, based upon the evidence of need and the ability to pay, established at the final hearing, (emphasis added)
It is not possible for us to resolve these two paragraphs, nor the conflicting testimony presented by the two medical witnesses. Accordingly, we reverse the provision in the final judgment which awards permanent alimony, and remand for, additional- findings concerning the former wife’s need for permanent alimony (i.e., her disability), her ability to become self-supporting, and any other factors relevant to the award or denial of an award of permanent alimony.
REVERSE IN PART; REMANDED.
HARRIS, J., concurs.
DAUKSCH, J., concurs specially with opinion.