VILLANTI, Judge.
The Former Wife appeals the trial court’s award of $400 per month in permanent periodic alimony to the Former Husband. Because the trial court’s findings are internally inconsistent with regard to the Former Husband’s need for alimony, we reverse and remand.
The parties divorced after seventeen years of marriage.[1] A mediation agreement incorporated into the final judgment resolved child custody, parental responsibility, visitation, and equitable distribution. As a result, the Former Wife received primary residential custody of the parties’ two children. Mediation was not able to resolve issues relating to alimony and child support, however. Following a hearing, the trial court entered a written final judgment obligating the Former Husband to pay $795.87 per month in child support and the Former Wife to pay $400 per month in permanent periodic alimony. The alimony award is the sole issue on appeal.
The trial court’s findings reflect that the Former Wife, an accountant with an MBA, was the primary breadwinner during the marriage. The Former Husband, who worked mostly in retail sales throughout the marriage, is a recovering alcoholic and takes lithium for bipolar disorder. Although the Former Wife’s income substantially exceeds the Former Husband’s, the findings indicate that her expenses also exceed his, which is not unexpected given her role as the primary residential custodian of the children. The trial court determined her monthly deficit was $2431.32, and although our review suggests that some of the Former Wife’s expenses could have been subject to reduction, no scenario was presented whereby the deficit could be totally eliminated. Moreover, the trial court made no finding that the Former Wife’s expenses were not valid. The evidence and the findings in the final judgment are consistent with regard to the Former Wife’s present inability to pay.
With respect to the Former Husband’s financial situation, however, the trial court’s findings are inconsistent. The final judgment’s alimony section states that the Former Husband has a monthly deficit of $301.68. This amount comes from the Former Husband’s April 9, 2002, financial affidavit. In the child support section, however, the final judgment specifically *89 states that the trial court “does not accept” the Former Husband’s income as reported on his April 9, 2002, financial affidavit. (Emphasis added.) Instead, the trial court determined the Former Husband’s net monthly income was $2387.11. If, in fact, the Former Husband’s income were $2387.11, he would no longer have a monthly deficit and would actually have a monthly surplus of $113.11.
Despite the inconsistencies in the final judgment regarding the Former Husband’s need and despite the Former Wife’s $2431.32 monthly deficit, the trial court ordered the Former Wife to pay the Former Husband $400 per month in permanent periodic alimony. The internal inconsistency in the final judgment’s findings as to the Former Husband’s income makes it impossible for this court to determine whether the Former Husband truly established a need for alimony. We therefore reverse and remand for clarification of the Former Husband’s financial need. See Duffy v. Duffy, 721 So.2d 391 (Fla. 5th DCA 1998) (reversing and remanding on the sole ground that the factual findings in the final judgment were inconsistent); Donsky-Levine v. Levine, 688 So.2d 467 (Fla. 4th DCA 1997).
We also note that although the Former Wife demonstrated no ability to pay at this time, that showing does not preclude the trial court from awarding nominal alimony if the Former Husband’s need is established on remand. See Blanchard v. Blanchard, 793 So.2d 989, 992 (Fla. 2d DCA 2001); Fusco v. Fusco, 616 So.2d 86 (Fla. 4th DCA 1993). Reversed and remanded.
WHATLEY and CASANUEVA, JJ., Concur.

. We are aware that this was a long-term marriage, which creates a presumption in favor of permanent alimony. See Hill v. Hooten, 776 So.2d 1004, 1007 (Fla. 5th DCA 2001). Despite this presumption and the other evidence the Former Husband presented to demonstrate his need for permanent alimony, the inconsistencies in the final judgment's findings with regard to his actual need necessitate reversal and remand.