PER CURIAM.
Dortheanne Roberts (Former Wife) appeals from a final judgment in her dissolution of marriage proceeding. We reverse because the final judgment lacks required findings and is internally inconsistent, but affirm the rulings of the trial court ordering the Former Wife to pay amounts as detailed below.
The Former Wife and Appellee John Roberts (Former Husband) each filed petitions for dissolution of marriage. The trial court entered final judgment on December 21, 2012, just days before the trial judge retired. Immediately after the final judgment was issued, the Former Wife filed an emergency motion to vacate the final judgment and for rehearing which asserted numerous errors. But her motion was not addressed by the trial judge before his retirement; instead, a successor trial judge denied her motion’s emergency classification and instructed the parties to *857 schedule a status conference. The Former Wife then abandoned her motion by filing this appeal, see Fla. R. App. P. 9.020(h)(3), which seems a reasonable decision in view of the fact that a successor judge cannot correct a predecessor’s errors. See, e.g., McLemore v. McLemore, 520 So.2d 637, 638 (Fla. 1st DCA 1988). This Court has appellate jurisdiction. Id.
The Former Wife asserts a number of valid concerns with the final judgment, including: an inconsistent parental responsibility allocation between the final judgment and a parenting plan that was incorporated into the final judgment; a division of property without a determination of what was marital and nonmarital property; a requirement to maintain life insurance without findings of necessity, cost, or availability of coverage; and a 50/50 distribution of the children’s uncovered medical expenses, which was not apportioned in accordance with the child support percentage. In these areas the final judgment was not supported with necessary findings.
Moreover, the final judgment is internally inconsistent because it provides contradictory allocations of parental responsibility. In one place the final judgment provides for shared responsibility, but in another place awards sole responsibility to the Former Husband but without requisite findings. This inconsistency and absence of findings also require us to reverse. See, e.g., Pedersen v. Pedersen, 892 So.2d 1125, 1126-27 (Fla. 2d DCA 2004) (“Because of the procedure used by the trial court, the errors contained in the judgment, and the lack of findings or conclusions on the record that form the basis for the judgment, we are compelled to reverse and remand for further proceedings.”); Duffy v. Duffy, 721 So.2d 391 (Fla. 5th DCA 1998) (holding that contradictory findings in judgment necessitated reversal of alimony award). And so, we reverse the final judgment and remand for additional proceedings consistent with this order; which, in view of the trial judge’s retirement, appears to require a new trial before a successor judge, unless the parties stipulate to the prior record. See e.g., Smith v. Smith, 612 So.2d 713, 714 (Fla. 2d DCA 1993) (“A successor judge who did not hear all the evidence may only enter a judgment upon retrial or on the basis of the prior record when the parties so stipulate.”) (citation omitted).
Notwithstanding reversal and remand, we affirm the orders of the trial court requiring the Former Wife to contribute and pay $1000 towards the social investigation; $2000 towards the Former Husband’s attorney’s fees; $4644.31 in temporary child support arrearages; and $1464 in extracurricular activity arrearages. Competent substantial evidence supports each of these orders.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
LEWIS, C.J., MARSTILLER, and OSTERHAUS, JJ., concur.