# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2019.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D17-1819
Lower Tribunal No. 11-14748

————————————

**Maria Leon and Pedro Leon,**
Appellants,

vs.

**Supreme Construction Corp., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Maurice Castellanos, for appellants.

Perry & Neblett, P.A., David Avellar Neblett and John A. Wynn, for appellees.

Before FERNANDEZ, LOGUE, and LINDSEY, JJ.

LINDSEY, J.

Maria and Pedro Leon ("the Leons") appeal a final judgment entered in favor of Supreme Construction Corp. and Advance Construction and Restoration, Inc. ("Supreme and Advance"), following a jury verdict. For the reasons set forth below, we affirm.

The Leons retained the services of Supreme and Advance to provide flood restoration services at their home. In 2007, Supreme and Advance sued the Leons for non-payment. The complaint was originally filed in Broward County. The Leons moved to dismiss on the basis of improper venue, and the case was subsequently transferred to the Eleventh Judicial Circuit in and for Miami-Dade County where the Leons filed their answer and affirmative defenses.[1]

The trial court in the Eleventh Judicial Circuit set the case for trial on July 1, 2013. The Leons moved to continue the trial on the basis that discovery was not completed. Thereafter, for various reasons, the trial court reset the trial numerous times: November 2013; June 2014; November 2014; and July 2015. The trial did no go forward on any of those dates. The docket does, however, indicate a five minute motion calendar hearing on July 1, 2015.

On May 12, 2016, the trial court signed a standard form order entitled, "Notice of Lack of Prosecution and Order to Appear for Hearing" (the "FWOP

---

[1] Notwithstanding the pending motion to dismiss, the Broward County court twice set the case for trial, on August 10, 2010, and March 14, 2011.

2

Notice"), providing notice, pursuant to Florida Rule of Civil Procedure 1.420(e), of possible dismissal of the case based on a lack of record activity for the prior ten months and setting a hearing for July 26, 2016. However, the FWOP Notice was never docketed. There is, however, a docket entry reflecting a "Notice of Unavailability" on July 25, 2016—the day before the hearing scheduled pursuant to the FWOP Notice.

On July 26, 2016, the same day of the hearing on the FWOP Notice, the trial court entered its "Order on Intent to Dismiss for Lack of Prosecution" (the "FWOP Order"), which declined to dismiss the case for lack of prosecution and ordered that the case remain pending. This order is the basis for this appeal. There is no transcript of what occurred at this hearing in the record. Further, the order does not indicate whether plaintiff and defendant, plaintiff or defendant, or neither, appeared at the hearing. Similarly, although the trial court checked the box indicating the case would remain pending—as opposed to the box indicating that the case would be dismissed for lack of prosecution—the trial court did not indicate the basis for its decision anywhere on the face of the order.[2]

_____

[2] On the face of the FWOP Order, there are five enumerated reasons why a case shall remain pending which track the language of rule 1.420(e). While there is no box to check on the form order, trial judges often circle the applicable reason. These five reasons are as follows:

> 1. There had been record activity within ten (10) months prior to service of this Notice and Order to Appear; or
> 2. A stay of the action was in effect within the ten (10) months prior to service of this Notice and Order to

3

Litigation continued and the case was, once again, set for trial starting July 10, 2017, by way of the trial court's "Order Setting Jury Trial" docketed March 15, 2017. Between the date of entry of the FWOP Order and the Order Setting Jury Trial, motions and responses were filed as the parties readied the case for trial. The Order Setting Jury Trial scheduled calendar call for June 29, 2017. The Leons responded on June 28, 2017 by, once again, moving for a continuance. Then, on June 6, 2017, the Leons filed an "Emergency Motion to Stay Pending Ruling on Defendants' Motion to Vacate FWOP Order Pursuant to Fla. R. Civ. P. 1.540." The case was tried on July 10, 2017, resulting in a jury verdict in favor of Supreme and Advance. This appeal followed.

The only issue the Leons raise on appeal is whether the trial court abused its discretion in declining to dismiss the case for lack of prosecution and allowing the case to proceed. We find it did not. Relying principally on <u>Burdeshaw v. Bank of New York Mellon</u>, 148 So. 3d 819 (Fla. 1st DCA 2014), the Leons argue the trial court had no discretion with regard to the FWOP order. They assert dismissal was

Appear;       or
           3. There has been record activity within sixty (60) days immediately following the service of this Notice and Order to Appear; or
           4. The Court issued a stay of the action within sixty (60) days immediately following the service of this Notice and Order to Appear; or
           5. At least (5) days before the hearing, the party opposing the dismissal established good cause, in writing for the action to remain pending.

mandatory because Supreme and Advance failed to establish any of the grounds set forth in Florida Rule of Civil Procedure 1.420(e). Unfortunately for the Leons, we do not know enough to reach that question based on the record before us.

Rule 1.420(e) provides as follows:

> *Failure to Prosecute.* -- In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. *If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice*, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute. (Emphasis added.)

First, there is no record of the FWOP Notice being served on all parties as it does not appear on the Clerk's docket. So, we do not know whether all parties received notice and an opportunity to be heard at the hearing on the FWOP Notice. Second, a "Notice of Unavailability" was docketed on July 25, 2016, just one day prior to the hearing on the FWOP Notice. As a consequence of the FWOP Notice

5

having not been docketed, there is no way to know if this filing occurred within sixty days of service of the FWOP Notice. Third, the FWOP Order does not indicate who, if anyone, appeared at the FWOP hearing, nor does it indicate the basis for the court's decision to allow the case to remain pending.

Finally, and most importantly, there is no transcript of the hearing on the FWOP Notice in the record before us. Thus, we are compelled to affirm on that basis along. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."); Cudeiro v. Dep't of Revenue ex rel. Fritz, 99 So. 3d 520 (Fla. 3d DCA 2011) (citing Starks v. Starks, 423 So. 2d 452, 453-54 (Fla. 1st DCA 1982) (finding that without a transcript of the hearing, the appellate court is unable to ascertain whether the lower court erred; noting that "[t]he appellant retains the burden of overcoming the presumption of correctness attributed to a trial court's final judgment. Appellant's burden includes a demonstration of error from the record, which he must supply")).

Affirmed.