# Third District Court of Appeal
## State of Florida

Opinion filed February 14, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0819
Lower Tribunal No. 17-16917
_____

**Luz Maria Cardenas,**
Appellant,

vs.

**Bank of New York Mellon Trust Company, N.A., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Fistel Law Group, P.A., and F. Scott Fistel (Ft. Lauderdale), for appellant.

Bradley Arant Boult Cummings LLP, and Sara D. Accardi (Tampa), and Stephen C. Parsley (Birmingham, AL), for appellee.

Before SCALES, MILLER, and GORDO, JJ.

PER CURIAM.

Appellant Luz Maria Cardenas, the defendant below, appeals a November 14, 2022, final foreclosure judgment rendered in favor of the plaintiff below, appellee Bank of New York Mellon Trust Company, N.A. ("Bank"). Specifically, Cardenas challenges the trial court's February 18, 2021 order ("Vacatur Order") granting Bank's Florida Rule of Civil Procedure 1.530 rehearing motion to vacate a final order that, pursuant to Florida Rule of Civil Procedure 1.420(e), dismissed Bank's foreclosure action for failure to prosecute ("Dismissal Order").

Because a predecessor judge entered the Dismissal Order and a successor judge entered the Vacatur Order, Cardenas – citing cases that generally prevent a successor judge from granting rehearing unless the grounds for rehearing are different from those initially raised[1] – argues that the successor judge lacked the authority to grant Bank's rehearing motion. According to Cardenas, the grounds for vacating the Dismissal Order

---

[1] See Marsh & McClennan, Inc. v. Aerolineas Nacionales del Ecuador, 530 So. 2d 971, 973 n.7 (Fla. 3d DCA 1988) (*en banc*) ("A successor judge, under proper circumstances, may rule [on rehearing] upon a matter overlooked or omitted by the predecessor judge, *but may not correct errors committed by the predecessor.*" (quoting McLemore v. McLemore, 520 So. 2d 637, 638 (Fla. 1st DCA 1988)); see also O'Neal v. Darling, 321 So. 3d 309, 312 (Fla. 3d DCA 2021) ("A successor judge cannot review, modify, or reverse, upon the merits on the same facts, the final orders of his predecessor in the absence of fraud or mistake." (quoting Balfe v. Gulf Oil-Co.-Latin Am., 279 So. 2d 94, 95 (Fla. 3d DCA 1973)).

2

advanced by Bank at the February 10, 2021 hearing on its rehearing motion were identical to the grounds argued by Bank at the December 15, 2020 hearing on the trial court's rule 1.420(e) notice of lack of prosecution.

Without transcripts of either hearing, however, we are unable to conclude that, as a matter of law, the arguments presented were identical such that the trial court lacked the authority to grant Bank's rule 1.530 rehearing motion. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."); Leon v. Supreme Constr. Corp., 274 So. 3d 422, 425 (Fla. 3d DCA 2019) ("[T]here is no transcript of the hearing on the FWOP notice in the record before us. Thus, we are compelled to affirm on that basis along [sic]."); HSBC Bank USA, Nat'l Ass'n v. Nixon, 117 So. 3d 430, 433 (Fla. 4th DCA 2012) (affirming the denial of a rule 1.530 rehearing motion because the appellant failed to provide the appellate court with a hearing transcript).

We, therefore, are compelled to affirm the Vacatur Order. Finding no merit as to Cardenas's arguments directed at entry of the final judgment of foreclosure,[2] we affirm the final judgment without discussion.

Affirmed.

---

[2] See Estate of Jones v. Live Well Fin., Inc., 902 F. 3d 1337, 1342 (11th Cir. 2018) ("[E]ven assuming that HUD insured Caldwell's mortgage in violation of [12 U.S.C.] § 1715z-20(j), [the lender] still had a private contractual right – independent of the statute – to demand immediate payment and, if necessary, pursue foreclosure."); WVMF Funding v. Palmero, 320 So. 3d 689, 692 n.2 (Fla. 2021).